IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CHARLES M. BUTLER, III and CHLOE BUTLER<br><br>Plaintiffs,<br><br>vs.<br><br>UNIFIED LIFE INSURANCE COMPANY; HEALTH PLANS INTERMEDIARIES HOLDINGS, LLC, doing business as Health Insurance Innovations, doing business as Health Insurance Innovations, Inc.; ALLIED NATIONAL, INC.; NATIONAL BROKERS OF AMERICA, INC.; THE NATIONAL CONGRESS OF EMPLOYERS, INC.; and DOES 1-10<br>Defendants. | CV 17-50-BLG-SPW-TJC<br><br>**ORDER REGARDING MOTION FOR ENTRY OF DEFAULT JUDGMENT** |

Plaintiffs Charles and Chloe Butler ("Plaintiffs") have filed a Motion for Entry Default Judgment against Defendant National Brokers of America, Inc. ("NBOA"). (Doc. 25.) Defendants Unified Life Insurance Company and Allied National, Inc. filed an opposition. (Doc. 26.) Upon review of the opposition, Plaintiffs indicate they wish to withdraw their motion. (Doc. 30.) Good cause appearing, IT IS HEREBY ORDERED that Plaintiffs request to withdraw the Motion for Entry of Default Judgment (Doc. 25) is GRANTED.

Although the motion has been withdrawn, the Court notes that Plaintiffs' single-page motion failed to address the applicable legal standards, and was devoid of any argument or analysis. "A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *Pepsico, Inc. v. Cal. Sec. Cans,* 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002). Therefore, Plaintiffs are advised that should they renew the motion for entry of default judgement in the future, the motion must address each of the factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986), with regard to each claim against NBOA, the Court's jurisdiction over this case and NBOA, and whether entry of default should be delayed under Rule 54(b). The motion must also comply with Local Rules 7.1(c)(1) and 7.1(d)(1)(A).

**IT IS ORDERED**.

DATED this 22nd day of August, 2017.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge