IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CHARLES M. BUTLER, III and CHLOE BUTLER<br><br>Plaintiffs,<br><br>vs.<br><br>UNIFIED LIFE INSURANCE COMPANY; HEALTH PLANS INTERMEDIARIES HOLDINGS, LLC, doing business as Health Insurance Innovations, doing business as Health Insurance Innovations, Inc.; ALLIED NATIONAL, INC.; NATIONAL BROKERS OF AMERICA, INC.; THE NATIONAL CONGRESS OF EMPLOYERS, INC.; and DOES 1-10<br>Defendants. | CV 17-50-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATION REGARDING MOTIONS TO DISMISS** |

Plaintiffs Charles M. Butler, III and Chole Butler ("Plaintiffs") bring this action against Defendants Unified Life Insurance Company ("Unified Life"), Health Plan Intermediaries Holdings, LLC d/b/a Health Insurance Innovations, d/b/a Health Insurance Innovations, Inc. ("HII"), Allied National, Inc. ("Allied National"), National Brokers of America, Inc. ("NBoA"), and National Congress of Employers, Inc. ("NCE"). Plaintiffs' Amended Complaint relates to a health insurance policy Mr. Butler purchased in February 2016, and consists of claims for

1

breach of contract, violation of the Unfair Claims Settlement Practices Act, fraudulent inducement, deceit, constructive fraud, negligent misrepresentation, breach of insurance agent duty, estoppel, violation of the Montana Consumer Protection Act, malice, and several alterative claims handling counts. (Doc. 9.)

Presently before the Court are Defendants Unified Life, Allied National, and HII and NCE's Motions to Dismiss, which have been referred to the undersigned under 28 U.S.C. § 636(b)(1)(B). (Docs. 3, 5, 19.) Plaintiffs have also filed a Motion to Strike portions of Defendants HII and NCE's reply in support of their Motion to Dismiss. (Doc. 36.) The motions are fully briefed and ripe for the Court's review. (Docs. 4, 6, 10, 16, 20, 27, 32, 38, 39.)

Having considered the parties' submissions, the Court **RECOMMENDS** Defendants' Motions to Dismiss be **GRANTED IN PART and DENIED IN PART**, and Plaintiffs' Motion to Strike be **GRANTED**.

**I.	BACKGROUND**

Plaintiffs allege that Plaintiff Chole Butler requested health insurance information for her husband through a website operated by HII. (Doc. 9 at ¶ 11.) On or about February 27, 2016, Plaintiff Charles Butler was contacted by William Corchado who was acting as an agent of NBoA and the other named Defendants. (*Id.*) Mr. Corchado sold Mr. Butler a Unified Life health insurance policy. (*Id.*) The policy had an effective date of April 1, 2016, and termination date of February

28, 2017.  (*Id.* at ¶ 13.)  The insurance card Mr. Butler received stated that it was an NCE membership card, and instructed Mr. Butler to send claims to Allied National, and direct "billing & non-claims related questions" to HII.  (*Id.*)  Plaintiffs allege that Mr. Corchado represented the policy had 80/20 coverage, a $5,000 deductible, and provided major medical "Obamacare" health insurance coverage.  (*Id.* at ¶¶ 11-12.)  Plaintiffs allege that Mr. Corchado did not tell Mr. Butler that the policy was subject to cancellation or non-renewal if he got sick.  (*Id.* at ¶ 12.)

In August 2016, Mr. Butler was diagnosed with testicular cancer, and began incurring medical costs.  (Doc. 9 at ¶ 14.)  Plaintiffs allege that although the providers submitted medical bills to Allied National, none of the bills were paid.  (*Id.* at 14-15.)  In February 2017, Mr. Butler was diagnosed with metastasis in his lungs.  (*Id.* at ¶ 17.)

On or about February 23, 2017, Plaintiffs received a message on their home answering machine advising them that the insurance policy was set to expire, and they needed to call back to avoid any lapse in coverage.  (Doc. 9 at ¶ 18.)  Mrs. Butler called Mr. Corchado that night and spoke with him.  (*Id.*)  Plaintiffs claim Mr. Corchado assured them he would personally make sure the policy would be renewed, and that Mr. Butler would be "grandfathered" in.  (*Id.*)  Contrary to these

representations, however, Plaintiffs allege the policy lapsed and was not renewed as of February 28, 2017, without further notice to Mr. Butler. (*Id.* at ¶ 19.)

On March 1, 2017, Plaintiffs were contacted by a representative of MD Anderson Cancer Treatment Center in Houston, Texas, who told them MD Anderson could not treat Mr. Butler because he no longer had health insurance. (*Id.* at ¶ 20.) Mr. Butler began chemotherapy under the supervision of the Billings Clinic at the Sidney Health Care Cancer Wing, but had no health insurance coverage for the month of March 2017. (*Id.* at ¶ 21.) Plaintiffs were able to obtain coverage through a different insurer starting on April 1, 2017. (*Id.* at ¶ 21, n.5.)

In March 2017, after Plaintiffs filed a complaint with the Montana Insurance Department and contacted legal counsel, Allied National began issuing Explanations of Benefits ("EOBs"). (Doc. 9 at ¶¶ 22-23.) Plaintiffs allege the EOBs improperly excluded certain charges, steeply discounted other billed charges, charged the discounted amounts against the $5,000 deductible, and payed limited charges after the deductible subject to the 20% co-insurance. (*Id.* at ¶ 23.) Plaintiffs state they were also exposed to balance billing above the steeply discounted allowed charges. (*Id.* at ¶ 24.) Plaintiffs further allege that Defendants improperly terminated Mr. Butler's coverage without taking any steps to determine if he was totally disabled for purposes of triggering the Extension of Benefits

4

clause under the policy, despite having received months of medical bills for the treatment of Mr. Butler's cancer. (*Id.* at ¶ 25.)

## II. ANALYSIS

### A. Motions to Dismiss

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). The Court's standard of review under Rule 12(b)(6) is informed by Rule 8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–678 (2009) (quoting Fed. R. Civ. P 8(a)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plausibility determination is context specific, and courts must draw on judicial experience and common sense in evaluating a complaint. *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014).

A court considering a Rule 12(b)(6) motion must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. *See e.g.*, *Wyler Summit P'ship v. Turner Broad. Sys., Inc.* 135 F.3d 658, 661 (9th Cir. 1998). However, "bare assertions… amount[ing] to nothing more than a 'formulaic recitation of the elements'…for the purposes of ruling on a motion to dismiss are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). Such assertions do nothing more than state a legal conclusion, even if the conclusion is cast in the form of a factual allegation. *Id.*

Defendants move to dismiss Counts IV-X, of the Amended Complaint.[1] Defendants argue Plaintiffs' claims for negligent misrepresentation, deceit, estoppel, constructive fraud, and breach of insurance agent duty are barred as a matter of law by the Montana Unfair Trade Practices Act. Defendants further contend there is no private right of action against insurers under the Montana Consumer Protection Act, and that Mrs. Butler does not have a cognizable claim against Defendants.

---

[1] United Life and Allied National's motions were initially directed to the original Complaint. After the Amended Complaint was filed, the Court granted the parties' stipulation to deem the Defendants' motions directed to the Amended Complaint. (Doc. 12.)

Plaintiffs counter that their common law claims are independent and unrelated to the claims handling claims, and are therefore not barred. They further maintain that the Consumer Protection Act claim is not barred, and that Mrs. Butler's claim for loss of consortium is derivative of Mr. Butler's claims.

> 1. **Counts IV-IX: Deceit, Constructive Fraud, Negligent Misrepresentation, Breach of Insurance Agent Duty Promissory Estoppel, Equitable Estoppel**

Montana's Unfair Trade Practices Act ("UTPA") limits the causes of action an insured may bring against an insurer for damages caused by the handling of an insurance claim. Mont. Code Ann. § 3-18-242. The UTPA provides:

> (3) An insured who has suffered damages *as a result of the handling of an insurance claim* may bring an action against the insurer for breach of the insurance contract, for fraud, or pursuant to this section, but not under any other theory or cause of action. An insured may not bring an action for bad faith in connection with the handling of an insurance claim.

Mont. Code Ann. § 3-18-242(3) (emphasis added).

However, the UTPA only bars common law claims against insurers that originate from the actual handling of an insurance claim. *Thomas v. Northwestern Nat'l Ins. Co.*, 973 P.2d 804, 809 (Mont. 1998). When an insured's claim is based on conduct that occurred before the claims handling process, the claim is not barred by the UTPA. *Id.*

In *Thomas*, the Montana Supreme Court held the UTPA did not bar an insured from asserting claims of negligence, bad faith and breach of fiduciary duty

7

against its insurer, because the claims pertained to events that occurred prior to the handling of the insurance claim. *Thomas*, 973 P.2d at 809. The Court stated the UTPA was not intended to be the exclusive remedy in litigation by insureds against their insurers, and noted the UTPA specifically provides "[a]n insured may file an action under this section, together with any other cause of action the insured has against the insurer." *Id.* at 809 (citing Mont. Code Ann. § 33-18-242(60(a).). *See also Hayes v. AMCO Ins. Co.*, 2012 WL 5354553, *2 (D. Mont. Oct. 29, 2012) (noting "claims based on conduct that occurred prior to the handling of a claim are not subject to the Unfair Trade Practices Act"); *Kaufmann v. Geico Gen. Ins. Co.*, 2010 WL 11534141, *9 (D. Mont. Feb. 1, 2010) (noting that where the plaintiff's misrepresentation claim had "nothing to do with [the insurer's] subsequent handling of her insurance claim, Section 242(3)'s limiting language simply does not apply"). Therefore, where a claim is based on non-claims handling conduct, it is not precluded by the UTPA.

Plaintiffs argue their non-UTPA claims are viable because they are based on conduct that occurred during the sale and renewal of the policy, and not on conduct during the claims handling process. (Doc. 10 at 17-24.) Defendants counter that the conduct underlying these claims is directed solely to William Corchado and Defendant NBoA, and cannot be imputed to them. (Docs. 16 at 7-8; 32 at 6-8.) Defendants Unified Life and Allied National further contend the only alleged

8

damages that could possibly be traced to them necessarily arise from the claims handling process, and therefore argue, the claims are barred by the UTPA. (Doc. 16 at 8-9.)

The Court finds Plaintiffs' claims for deceit, constructive fraud,[2] negligent misrepresentation, breach of insurance agent duty, and promissory and equitable estoppel are based on non-claims handling conduct. Plaintiffs allege Defendants, acting through NBoA sales agent William Corchado, made misrepresentations during the sale that induced Mr. Butler to purchase the policy. (Doc. 9 at ¶¶ 44-45, 51-52.) Plaintiffs also allege Defendants, acting through Mr. Corchado, made material and false statements about the renewal of the policy. (*Id.* at ¶¶ 46-47; 53-54.) These allegations are unrelated to claims handling.

Further, this case is unlike *Hayes*, where the Court found the UTPA barred the plaintiffs' claims even though the complaint referred to conduct that occurred both before and during the claims-handling process. *Hayes*, 2012 WL 5354553 at

---

[2] Defendants note there is an open question whether constructive fraud claims are barred by the UTPA, and urge the Court to answer in the affirmative. *See Hayes*, 2012 WL 5354553 at *6 ("It is unnecessary to reach the question whether constructive fraud constitutes 'fraud' as used in Montana Code Annotated § 33-18-242(3)."). The Court need not resolve the question here because Plaintiffs' constructive fraud claim is based on non-claims handling conduct. Therefore, the claim falls outside the limitation set forth in the UTPA.

9

*2-3.³ In *Hayes*, the Court reasoned that the pre-claim conduct underlying Plaintiff's claims was inextricably tied to handling of the claim because it did not cause any independent damage. *Id.* at 3. In contrast, here, Plaintiffs allege they suffered damages that are independent of the handling of the claim. For example, Plaintiffs allege Defendants' misrepresentations at the sale caused them to pay premiums they would not otherwise have paid, and caused them to incur liability for fines under the Affordable Care Act. (*Id.* at ¶¶ at 12, 44, 51.) Plaintiffs further allege that as a result of Defendants' misrepresentations about the renewal of the policy, Mr. Butler was uninsured for the month of March. This denied him the opportunity to be treated at the MD Anderson Cancer Center, and also caused him to incur significant medical expenses. (*Id.* at ¶¶ 20, 21, 47, 54.) As a result, Plaintiffs' claims are not barred by the UTPA.

The Court further finds Plaintiffs may assert these claims against Defendants based on the agent's conduct. Insurers are liable for the conduct of their agents acting within the scope of their agency. *Tynes v. Bankers Life Co.*, 730 P.2d 1115, 1122 (Mont. 1986). *See also Cartwright v. Equitable Life Assur. Soc'y of the*

---

³ This case is also distinguishable from *Burton v. State Farm Auto. Ins. Co.*, 105 Fed.Appx. 154, 158-160 (2004), which Defendants rely on for the proposition that the UTPA bars Plaintiffs' claim for deceit. In *Burton*, the Ninth Circuit held the district court properly dismissed the plaintiff's claims for bad faith, breach of fiduciary duty, negligence, and deceit because they were preempted by the UTPA. *Id.* at 160. However, in *Burton*, the claims were based on wrongful conduct that "occurred during the handling of the insurance claim." *Id.* at 157.

*United States*, 914 P.2d 976, 979 (Mont. 1996) (indicating insurer was liable based on misrepresentations of agent under theories of breach of fiduciary duty, negligent misrepresentation, negligence, constructive fraud, and actual fraud). Here, Plaintiffs allege that William Corchado was at all times acting as an agent of the named Defendants, and that the named Defendants acted in concert with NBoA. (Doc. 9 at ¶¶ 11, 48, 55, 60, 65.) Moreover, Plaintiffs are not relying on principles of agency to override the UTPA, as Defendants argue. Instead, the UTPA's provision barring common law claims is not triggered here because Plaintiffs' claims are based on non-claims handling conduct.

Accordingly, the Court recommends Plaintiffs be permitted to proceed with their claims in Counts IV – IX for deceit, constructive fraud, negligent misrepresentation, breach of insurance agent duty, promissory estoppel, and equitable estoppel in relation to Defendants' non-claims handling conduct associated with the sale and renewal of the policy.

### 2. Count X: Montana Consumer Protection Act

The Montana Consumer Protection Act ("MCPA") specifically exempts the application of the MCPA to the regulated insurance industry. Mont. Code. Ann. § 30-14-105(a) ("This part does not apply to actions or transactions permitted under laws administered by . . . the state auditor."). In *Britton v. Farmers Ins. Group*, 721 P.2d 303, 324 (Mont. 1986), the Montana Supreme Court held "the provisions

11

of the Unfair Trade Practices and Consumer Protection Act, as relied on by [the insured] may not be applied with respect to insurance company practices. . . ."). Thus, "it is well-settled in Montana that private rights of action against insurers are expressly exempted from the MCPA." *Cardan v. New York Life Ins. Co.*, 2016 WL 5921065, *3 (D. Mont. Oct. 11, 2016).

Therefore, Plaintiffs' MCPA claim is invalid. *See Cardan*, 2016 WL 5921065 at *3 (granting motion to dismiss insured's claim against insurer for violation of the MCPA). Accordingly, the Court recommends that Plaintiffs' claim in Count X be dismissed with prejudice, and without leave to amend.

### 3. Chole Butler's Claims for Loss of Consortium

With regard to Chole Butler's claims for loss of consortium, Plaintiffs failed to plead anything more than the conclusory statement that "Mrs. Butler has suffered a loss of consortium" in relation to Counts II – VII, and XI – XIV. (Doc. 9 at ¶¶ 37, 42, 49, 56, 61, 66, 81, 86, 91, 96.) Plaintiffs do not allege any factual allegations to support the claims.

In response to the motion to dismiss, Plaintiffs note that Mrs. Butler's loss of consortium claims are purely derivative of Mr. Butler's claims. (Doc. 10 at 29.) But even with the additional clarification, Plaintiffs' allegations fall short. While it's true that loss of consortium claims are derivative in nature, they are independent claims, *Keele v. St. Vincent Hosp. & Health Care Ctr.*, 852 P.2d 574,

12

577 (Mont. 1993), and thus require a factual basis. Here, Plaintiffs have not provided any facts regarding Ms. Butler's claimed loss of consortium. Plaintiffs' bare conclusions that Mrs. Butler suffered loss of consortium are insufficient. *Iqbal*, 556 U.S. at 678 (stating a complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" is insufficient under Rule 8).

The Court also notes that the Montana Supreme Court has not recognized a loss of consortium claim in the absence of a physical injury. *See e.g. Pence v. Fox*, 813 P.2d 429, 431 (Mont. 1991) ("Montana currently allows loss of consortium claims by a husband or wife whose spouse has been killed or injured."); *Hern v. Safeco Ins. Co. of Ill.*, 125 P.3d 597, 608 (Mont. 2005) (holding that "under certain circumstances . . . the loss experienced by the parents at the death or serious injury to their child, may be of such quality as to warrant recovery by the parents for loss of consortium"); *North Pacific Ins. Co. v. Stucky*, 338 P.3d 56, 64 (Mont. 2014) (holding that for adult child to assert a cause of action for loss of consortium, the parent must suffer a serious, permanent and disabling injury). Here, Mr. Butler has not asserted any bodily injury claims.

In addition, the Defendants point out that the Plaintiffs have not cited any authority recognizing a loss of consortium claim from a breach of an insurance contract or improper claims handling. The Court was also unable to find any such authority under Montana law.

Under Rule 12(b)(6), a motion to dismiss may be granted with or without prejudice, and with or without leave to amend. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Plaintiffs have not alleged sufficient facts from which the Court could find a claim for loss of consortium exists in connection with the UTPA, or the other claims in this case. Plaintiff Chole Butler's claims are, therefore, subject to dismissal. Nevertheless, it may be conceivable that Plaintiffs can allege sufficient facts to state a plausible claim for relief if given the opportunity to amend.

Accordingly, the Court recommends Plaintiff Chole Butler's claims for loss of consortium be dismissed without prejudice, and with leave to amend.

### B. Motion to Strike

Plaintiffs move to strike the arguments Defendants HII and NCE raised in their reply brief in support of their Motion to Dismiss regarding the manner in which Plaintiffs pled Defendants are insurers. Plaintiffs assert the arguments should be stricken because they were improperly raised for the first time in the reply. Defendants HII and NCE counter that a "clarification" Plaintiffs made in their response brief justified their argument.

In the Complaint, Plaintiffs allege that all the named Defendants fall within the definition of "insurer" under the UTPA, and assert UTPA claims against the Defendants based on their claims handling conduct. (Doc. 9 at ¶ 33-37.) Plaintiffs also bring alternative common law claims against the Defendants based on their claims handling conduct, in the event the Defendants are not found to be insurers within the meaning of the UTPA. (*Id.* at ¶¶ 77-96.)

Defendant HII and NCE filed a Motion to Dismiss that adopted Defendant Unified Life's Motion to Dismiss almost word-for-word. (*Compare* Docs. 4 with Doc. 20.) In Plaintiffs' response, they pointed out a minor inconsistency between the briefs filed by Unified Life and HII and NCE. Plaintiffs noted that Unified Life referred to itself as "the insurer," whereas HII and NCE referred to NCE as the "insurer." (Docs. 4 at 10; 20 at 11-12.) Then, Plaintiffs clarified that whether NCE was an "insurer" under the UTPA was a legal question, and noted that they had pled alternative theories in the event NCE (or any other Defendant) was not found to be an insurer. In reply, Defendant HII and NCE argued for the first time that Plaintiff's alternative pleading style is fatal to their claims.

The Court finds this argument could have been raised in the first instance, and therefore, it was improperly raised in reply. Nothing in Plaintiffs' response raised a new issue, or asserted anything that was not evident from the face of Plaintiffs' Complaint.

Accordingly, the Court recommends that Plaintiffs' Motion to Strike be granted.

## III. CONCLUSION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Defendant United Life, Allied National, and HII and NCE's Motions to Dismiss be **GRANTED IN PART and DENIED IN PART**, and that Plaintiffs Motion to Strike be **GRANTED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

**IT IS ORDERED**.

DATED this 15th day of December, 2017.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge