IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED

SEP 18 2018

Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| CHARLES M. BUTLER, III and CHOLE BUTLER<br><br>Plaintiffs,<br><br>vs.<br><br>UNIFIED LIFE INSURANCE COMPANY; HEALTH PLANS INTERMEDIARIES HOLDINGS, LLC, doing business as Health Insurance Innovations, Inc.; ALLIED NATIONAL, INC.; NATIONAL BROKERS OF AMERICA, INC.; THE NATIONAL CONGRESS OF EMPLOYERS, INC.; and DOES 1-10<br><br>Defendants. | CV 17-50-BLG-SPW<br><br>ORDER |

Before the Court are United States Magistrate Judge Timothy Cavan's findings and recommendation filed July 18, 2018. (Doc. 80). Judge Cavan recommends this Court grant in part and deny in part Defendants Unified Life, Allied National, Health Insurance Innovations, and National Congress of Employers, Inc.'s (collectively "Moving Defendants") motion to dismiss Count 7, Count 10, Counts 11-14, and the loss of consortium claim of Chole Butler.

I.  **Standard of review**

1

The Moving Defendants filed timely objections to the findings and recommendation. (Docs. 82). The Moving Defendants are entitled to de novo review of those portions of Judge Cavan's findings and recommendation to which they properly object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

A motion to dismiss for failure to state a claim is governed by Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## II. Defendants' objections

The procedural and factual history contained in Judge Cavan's findings and recommendation is not objected to and is adopted in full.

The Moving Defendants object to Judge Cavan's recommendation that Count 7 and Chole Butler's loss of consortium claim should not be dismissed.

## III. Discussion

### A. Count 7

Count 7 alleges a breach of an insurance agent's absolute duty against Defendant National Brokers of America, Inc (NBA). Moving Defendants argue they are insurers, not insurance agents, and cannot be held liable. Judge Cavan noted an insurer may be held liable for the conduct of its agent under *Tynes v. Bankers Life Co.*, 730 P.2d 1115, 1122 (Mont. 1986) and *Cartwright v. Equitable Life Assur. Soc'y of the United States*, 914 P.2d 976, 979 (Mont. 1996). Judge Cavan recommended that the Plaintiffs did not fail to state a claim because the complaint sufficiently alleges NBA was an agent of the Moving Defendants. The Court agrees with Judge Cavan. The Moving Defendants' motion is denied as to Count 7.

### B. Chole Butler's loss of consortium claim

The Moving Defendants argue Chole Butler's loss of consortium claim should be dismissed for two reasons. First, they argue the Montana Supreme Court has not explicitly approved a loss of consortium claim resulting solely from a spouse's mental injury. Second, they argue that even if Chole Butler could make a claim for loss of consortium resulting from her spouse's mental injury, such a claim may not be made in connection with the handling of an insurance claim under Montana's Unfair Trade Practices Act, which limits actions against an insurer for its handling of an insurance claim to breach of contract, fraud, and pursuant to the UTPA.

In regard to the Moving Defendants' first argument, the Court has reviewed Judge Cavan's analysis, the parties' briefs, and relevant case law, and agrees with Judge Cavan that a loss of consortium claim resulting solely from a spouse's mental injury is cognizable under Montana Supreme Court precedent. Judge Cavan's analysis is adopted in full and the Moving Defendants' first argument is rejected.

In regard to the Moving Defendants' second argument, the Court has reviewed Judge Cavan's analysis, the parties' briefs, and relevant case law, and agrees with Judge Cavan that the Court does not need to decide whether Chole Butler may bring a derivative loss of consortium claim under the UTPA, because her husband makes multiple other non-UTPA claims upon which Chole Butler may premise her loss of consortium claim.

### IV. Conclusion and order

It is hereby ordered:

1. Judge Cavan's findings and recommendation (Doc. 80) are adopted in full;

2. The objections (Doc. 82) are overruled;

3. The motions to dismiss (Docs. 50, 51, and 54) are granted in part and denied in part as follows:

A. Count 10 of the amended complaint is dismissed with prejudice as to Defendants Unified Life, Allied National, HII and NCE;

B. Counts 11-14 of the amended complaint are dismissed with prejudice as to Defendants Unified Life and Allied National;

C. The motion to dismiss is denied in all other respects.

DATED this 18th day of September, 2018.

SUSAN P. WATTERS
United States District Judge