IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED
SEP 1 8 2018
Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| CHARLES M. BUTLER, III and<br>CHOLE BUTLER<br><br>Plaintiffs,<br><br>vs.<br><br>UNIFIED LIFE INSURANCE<br>COMPANY; HEALTH PLANS<br>INTERMEDIARIES HOLDINGS,<br>LLC, doing business as Health<br>Insurance Innovations, Inc.; ALLIED<br>NATIONAL, INC.; NATIONAL<br>BROKERS OF AMERICA, INC.;<br>THE NATIONAL CONGRESS OF<br>EMPLOYERS, INC.; and DOES 1-10<br><br>Defendants. | CV 17-50-BLG-SPW<br><br>ORDER |

Before the Court is Defendants Unified Life Insurance Company and Allied National, Inc.'s motion to certify a legal issue to the Montana Supreme Court. The Defendants request the Court certify the legal issue of whether Chole Butler may assert a loss of consortium claim in this case.

District courts enjoy broad discretion to certify questions to state supreme courts. *Eckard Brandes, Inc. v. Riley*, 338 F.3d 1082, 1087 (9th Cir. 2003). Certification may be appropriate when a determinative issue in the case involves important state law questions which remain unclear or unresolved under current

1

precedent. *Virginia v. American Booksellers Ass'n*, 484 U.S. 383, 393-398 (1988). There is a presumption against certification after the federal district court has issued its decision. *Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008). Litigants should not be given a second bite at the apple after an adverse decision. *Thompson*, 547 F.3d at 1065; *see also Enfield v. A.B. Chance Co.*, 228 F.3d 1245, 1255 (10th Cir. 2000) ("Although the issues raised by the City are novel and somewhat difficult, the City did not seek certification until after it received an adverse ruling from the district court. That fact alone persuades us that certification is inappropriate."); *Perkins v. Clark Equip. Co., Melrose Div.*, 823 F.2d 207, 209-210 (8th Cir. 1987) (noting that request for certification was not made "until after the motion for summary judgment had been decided against them," and stating that this "practice . . . should be discouraged. Otherwise, the initial federal court decision will be nothing but a gamble with certification sought only after an adverse ruling.").

Here, the Defendants filed their motion for certification after receiving an adverse recommendation from Judge Cavan. Although the Defendants are correct that Judge Cavan's recommendation does not constitute a decision from the Court, parties should be discouraged from seeking certification of an issue after a magistrate issues an adverse recommendation. *Perkins*, 823 F.2d at 209-210. Additionally, the Court adopted Judge Cavan's findings and recommendation in

full, which further renders certification unnecessary. The Defendants' motion for certification (Doc. 83) is denied.

DATED this 18th day of September, 2018.

SUSAN P. WATTERS
United States District Judge