Christopher C. Voigt
Monique P. Voigt
David F. Knobel
CROWLEY FLECK PLLP
500 Transwestern Plaza II
P. O. Box 2529
Billings, MT  59103-2529
Telephone: 406-252-3441
Facsimile: 406-252-5292
cvoigt@crowleyfleck.com
mvoigt@crowleyfleck.com
dknobel@crowleyfleck.com

Attorneys for Health Plans Intermediaries
Holdings, LLC, and Health Insurance Innovations, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CHARLES M. BUTLER, III, and CHOLE BUTLER<br><br>Plaintiffs,<br><br>vs.<br><br>UNIFIED LIFE INSURANCE COMPANY; HEALTH PLANS INTERMEDIARIES HOLDINGS, LLC, doing business as Health Insurance Innovations, doing business as Health Insurance Innovations, Inc.; ALLIED NATIONAL, INC.; NATIONAL BROKERS OF AMERICA, INC.; THE NATIONAL CONGRESS OF EMPLOYERS, INC.; and DOES 1-10,<br><br>Defendants. | Cause No.: CV-17-50-BLG-SPW-TJC<br><br>**HEALTH PLANS INTERMEDIARIES HOLDINGS, LLC and HEALTH INSURANCE INNOVATIONS, INC.'S ANSWER TO THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW the Defendants, Health Plans Intermediaries Holdings, LLC and Health Insurance Innovations, Inc. ("HII") and for their answer to Plaintiffs' Third Amended Complaint and Demand for Jury Trial admit, deny and assert as follows:

## SUMMARY OF CLAIM

1. Answering Paragraph 1, HII admits that Mr. Butler was sold health insurance in February 2016, that he paid his premiums, that he was diagnosed with cancer and that he made claims under his policy. HII denies the remaining allegations.

## PARTIES

2. HII admits the allegations contained in Paragraph 2.

3. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 3.

4. Answering Paragraph 4, HII admits that Health Plan Intermediaries Holdings, LLC, d/b/a Health Insurance Innovations, and Health Insurance Innovations, Inc., are related Delaware corporations, with their principal offices in Florida. HII admits that it markets health insurance policies and performs billing services for insurers. HII admits that it collected monthly premiums from Mr. Butler, and that it bills itself on its website as "a leading developer and

administrator of affordable, web-based individual health insurance plans and ancillary products." HII denies the remaining allegations.

5. Answering Paragraph 5, HII admits that NBoA sold Mr. Butler the subject policy. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations.

6. Answering Paragraph 6, HII admits that Allied National was responsible for handling Mr. Butler's claims. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations.

7. Answering Paragraph 7, HII admits that NCE is a Delaware corporation. HII denies the remaining allegations.

8. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 8.

## JURISDICTION

9. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 8.

## VENUE

10. Answering Paragraph 10, HII does not contest venue. HII denies the remaining allegations.

## FACTUAL BACKGROUND

11.  Answering Paragraph 11, HII admits that the Butlers spoke with William Corchado of NBoA on or about February 27, 2016 and that Corchado sold the insurance policy to Mr. Butler. HII denies that Corchado was acting as HII's agent. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations.

12.  Answering Paragraph 12, HII denies that it acted through Corchado or that Corchado was acting on behalf of HII. HII denies that it sold or underwrote the subject policy. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations.

13.  Answering Paragraph 13, HII admits that Mr. Butler's coverage was effective April 1, 2016 to February 28, 2017. HII states that the insurance card says what it says and denies any allegations inconsistent with the words on the card. HII denies the remaining allegations.

14.  Answering Paragraph 14, HII admits that Mr. Butler was diagnosed with cancer and submitted medical bill claims to Allied National. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations.

15.  HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 15.

16. HII denies the allegations contained in Paragraph 16 as they apply to HII.

17. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 17.

18. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 18.

19. Answering Paragraph 19, HII admits the voice mail recording. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations.

20. Answering Paragraph 20, HII admits that Mr. Butler's policy lapsed by its own terms on February 28, 2017. HII denies the remaining allegations.

21. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 21.

22. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 22.

23. HII denies the allegations contained in Paragraph 23 as they apply to HII.

24. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 24.

25. Answering Paragraph 25, HII admits that the policy defines "Reasonable and Customary Charge" as pled. HII denies the remaining allegations as they apply to HII.

26. Answering Paragraph 26, HII admits that the policy contains an "Extension of Benefits" clause. HII denies the remaining allegations.

27. HII denies the allegations in Paragraph 27 as they are pled against HII.

28. HII denies the allegations in Paragraph 28 as they are pled against HII.

## COUNT I
## BREACH OF CONTRACT

29. HII restates its answers to Paragraphs 1 through 28 in response to Paragraph 29 of the Third Amended Complaint as if fully set forth herein.

30. Answering Paragraph 30, HII admits that Mr. Butler had a health insurance contract with Unified and that the best evidence of the terms of the policy is the policy itself.

31. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 31.

32. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 32.

33. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 33.

34. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 34.

35. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 35.

## COUNT II
## UNFAIR CLAIMS SETTLEMENT PRACTICES

36. HII restates its answers to Paragraphs 1 through 35 in response to Paragraph 36 of the Third Amended Complaint as if fully set forth herein.

37. HII denies the allegations contained in Paragraph 37 as they relate to HII.

38. HII denies the allegations contained in Paragraph 38 as they relate to HII.

39. HII denies the allegations contained in Paragraph 39.

40. HII denies the allegations contained in Paragraph 40.

## COUNT III
## FRAUDULENT INDUCEMENT

41. HII restates its answers to Paragraphs 1 through 40 in response to Paragraph 41 of the Third Amended Complaint as if fully set forth herein.

42. HII denies the allegations contained in Paragraph 42.

43. HII denies the allegations contained in Paragraph 43 as they relate to HII.

44. HII denies the allegations contained in Paragraph 44.

45. HII denies the allegations contained in Paragraph 45.

## COUNT IV
## DECEIT

46. HII restates its answers to Paragraphs 1 through 45 in response to Paragraph 46 of the Third Amended Complaint as if fully set forth herein.

47. HII denies the allegations contained in Paragraph 47.

48. HII denies the allegations contained in Paragraph 48 as they relate to HII.

49. HII denies the allegations contained in Paragraph 49 as they relate to HII.

50. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contains in Paragraph 50.

51. HII denies the allegations contained in Paragraph 51.

52. HII denies the allegations contained in Paragraph 52.

## COUNT V
## CONSTRUCTIVE FRAUD

53. HII restates its answers to Paragraphs 1 through 52 in response to Paragraph 53 of the Third Amended Complaint as if fully set forth herein.

54. HII denies the allegations contained in Paragraph 54.

55. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 55.

56. HII denies the allegations contained in Paragraph 56.

57. HII denies the allegations contained in Paragraph 57 as they relate to HII.

58. HII denies the allegations contained in Paragraph 58.

59. HII denies the allegations contained in Paragraph 59.

## COUNT VI
## NEGLIGENT MISREPRESENTATION

60. HII restates its answers to Paragraphs 1 through 59 in response to Paragraph 60 of the Third Amended Complaint as if fully set forth herein.

61. HII denies the allegations contained in Paragraph 61.

62. HII denies the allegations contained in Paragraph 62.

63. HII denies the allegations contained in Paragraph 63.

64. HII denies the allegations contained in Paragraph 64.

## COUNT VII
## BREACH OF INSURANCE AGENT ABSOLUTE DUTY

65. HII restates its answers to Paragraphs 1 through 64 in response to Paragraph 65 of the Third Amended Complaint as if fully set forth herein.

66. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 66.

67. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 67.

68. HII denies the allegations contained in Paragraph 68.

69. HII denies the allegations contained in Paragraph 69.

## COUNT VIII
## PROMISSORY ESTOPPEL

70. HII restates its answers to Paragraphs 1 through 69 in response to Paragraph 70 of the Third Amended Complaint as if fully set forth herein.

71. HII denies the allegations contained in Paragraph 71 as they relate to HII.

72. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 72.

73. HII denies the allegations contained in Paragraph 73 as they relate to HII.

74. HII denies the allegations contained in Paragraph 74.

## COUNT IX
## EQUITABLE ESTOPPEL

75. HII restates its answers to Paragraphs 1 through 74 in response to Paragraph 75 of the Third Amended Complaint as if fully set forth herein.

76. HII denies the allegations contained in Paragraph 76 as they relate to HII.

## COUNT X
## COMMON LAW BAD FAITH-ALTERNATIVE
## CLAIM HANDLING COUNT

77. HII restates its answers to Paragraphs 1 through 76 in response to Paragraph 77 of the Third Amended Complaint as if fully set forth herein.

78. HII denies the allegations contained in Paragraph 78.

79. HII denies the allegations contained in Paragraph 79.

80. HII denies the allegations contained in Paragraph 80.

81. HII denies the allegations contained in Paragraph 81.

## COUNT XI
## NEGLIGENCE-ALTERNATIVE CLAIM HANDLING COUNT

82. HII restates its answers to Paragraphs 1 through 81 in response to Paragraph 82 of the Third Amended Complaint as if fully set forth herein.

83. HII denies the allegations contained in Paragraph 83.

84. HII denies the allegations contained in Paragraph 84.

85. HII denies the allegations contained in Paragraph 85.

86. HII denies the allegations contained in Paragraph 86.

## COUNT XII
## NEGLIGENCE *PER SE*-ALTERNATIVE CLAIM HANDLING COUNT

87. HII restates its answers to Paragraphs 1 through 86 in response to Paragraph 87 of the Third Amended Complaint as if fully set forth herein.

88. HII denies the allegations contained in Paragraph 88.

89. HII denies the allegations contained in Paragraph 89.

90. HII denies the allegations contained in Paragraph 90.

91. HII denies the allegations contained in Paragraph 91.

## COUNT XIII
## BREACH OF FIDUCIARY DUTY-ALTERNATIVE
## CLAIM HANDLING COUNT

92. HII restates its answers to Paragraphs 1 through 91 in response to Paragraph 92 of the Third Amended Complaint as if fully set forth herein.

93. HII denies the allegations contained in Paragraph 93.

94. HII denies the allegations contained in Paragraph 94.

95. HII denies the allegations contained in Paragraph 95.

96. HII denies the allegations contained in Paragraph 96.

## COUNT XIV
## MALICE

97. HII restates its answers to Paragraphs 1 through 96 in response to Paragraph 97 of the Third Amended Complaint as if fully set forth herein.

98. HII denies the allegations contained in Paragraph 98.

## COUNT XV
## CLASS ACTION ALLEGATIONS
## AGAINST UNIFIED LIFE ONLY

99. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 99.

100. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 100.

101. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 101.

102. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 102.

103. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 103.

104. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 104.

105. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 105.

106. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 106.

## **CLASS CLAIMS FOR RELIEF**

### **COUNT I**
### **BREACH OF CONTRACT**

107. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 107.

108. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 108.

109. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 109.

110. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 110.

111. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 111.

112. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 112.

113. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 113.

114. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 114.

115. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 115.

116. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 116.

117. HII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 117.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Third Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' injuries and damages, if any, were the result of the action, inaction, negligence of fault of others for whom HII are not responsible.

3. Plaintiffs may have failed to mitigate their damages.

4. For any negligence claims, the negligence of all parties must be apportioned and HII is not responsible for the negligence apportioned to others.

5. For any negligence claims, Plaintiffs were also negligent and their negligence must be compared and apportioned under Montana law.

6. Neither William Corchado nor NBoA was the agent of HII in the sale of the policy to Mr. Butler.

7. Plaintiffs injuries and damages, if any, may have been caused by an unforeseeable intervening and superseding cause which cuts off any potential liability to HII.

WHEREFORE, Defendants HII pray for judgment as follows:

1. That Plaintiffs take nothing by their Third Amended Complaint and that the same be dismissed with prejudice;

2. That judgment be entered in favor of HII for their costs of action; and

3. For such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

COME NOW Defendants HII, by and through their counsel of record, and hereby demand a trial by jury.

Dated this 17th day of December, 2018.

/s/ Monique P. Voigt
Christopher C. Voigt
Monique P. Voigt
David F. Knobel
CROWLEY FLECK PLLP
500 Transwestern Plaza II
P. O. Box 2529
Billings, MT  59103-2529

Attorneys for Attorneys for Health Plans Intermediaries Holdings, LLC and Health Insurance Innovations, Inc.