Robert L. Sterup
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128
rsterup@brownfirm.com
*Attorneys for Defendants Unified Life Insurance Company*
*And Allied National, Inc.*

## IN THE UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| CHARLES M. BUTLER, III, and CHOLE BUTLER, <br><br><br><br> Plaintiffs, <br><br> vs. <br><br> UNIFIED LIFE INSURANCE COMPANY; HEALTH PLANS INTERMEDIARIES HOLDINGS, LLC, D/B/A HEALTH INSURANCE INNOVATIONS; HEALTH INSURANCE INNOVATIONS, INC.; ALLIED NATIONAL, INC.; NATIONAL BROKERS OF AMERICA, INC.; THE NATIONAL CONGRESS OF EMPLOYERS, INC.; and DOES 1-10, <br><br> Defendants. <br><br><br> UNIFIED LIFE INSURANCE COMPANY AND ALLIED NATIONAL, INC., | Cause No.: CV 17-50-SPW-TJC <br><br><br><br><br> **ANSWER OF UNIFIED LIFE INSURANCE COMPANY AND ALLIED NATIONAL, INC. TO PLAINTIFFS' THIRD AMENDED COMPLAINT** <br> **\*\*\*AND\*\*\*** <br> **CROSSCLAIMS AGAINST HEALTH PLANS INTERMEDIARIES HOLDINGS, LLC D/B/A HEALTH INSURANCE INNOVATIONS, HEALTH INSURANCE INNOVATIONS, INC.** <br> **\*\*\*AND\*\*\*** <br> **THIRD-PARTY CLAIM AGAINST MULTIPLAN, INC.** |

1

|  | ) |
| Crossclaimants and | ) |
| Third- Party Claimants, | ) |
|  | ) |
| vs. | ) |
|  | ) |
| HEALTH PLANS INTERMEDIARIES | ) |
| HOLDINGS, LLC, D/B/A HEALTH | ) |
| INSURANCE INNOVATIONS; | ) |
| HEALTH INSURANCE | ) |
| INNOVATIONS, INC. | ) |
|  | ) |
| Crossclaim Defendant, | ) |
|  | ) |
| and | ) |
|  | ) |
| NATIONAL BROKERS OF | ) |
| AMERICA, INC., | ) |
|  | ) |
| Crossclaim Defendant, | ) |
|  | ) |
| and | ) |
|  | ) |
| MULTIPLAN, INC. | ) |
|  | ) |
| Third-Party Defendant. | ) |
|  | ) |

For their Answers to the Third Amended Complaint of Plaintiffs Charles M. Butler III, and Chole Butler, Unified Life Insurance Company ("Unified") and Allied National, Inc. ("Allied") admit, deny, state, aver and allege as follows:

2

## SUMMARY OF CLAIM

1.      On information and belief,  admit Charles Butler ("Charles") acquired certain short-term medical ("STM") health insurance (the "STM Policy") issued by Unified, state and alleges the STM Policy and its terms are contained in a writing that speaks for itself, and deny the allegations to the extent of inconsistency with those writings; admit that he paid certain premiums, and admit he was diagnosed with testicular cancer and incurred certain medical costs; state that Unified is without sufficient information or knowledge to admit or deny allegations pertaining to ongoing diagnoses of the Plaintiff or ongoing treatment, and therefore deny the same; Unified/Allied allege certain of the claims made by Charles were submitted to Unified/Allied, and were paid by Unified/Allied, in accordance with terms of the subject STM Policy and applicable law; Unified state that all new sales of this type of health insurance product (Short Term Medical) were discontinued on December 30, 2016; Unified/Allied deny the remaining allegations of Paragraph 1.

## **PARTIES**

2.      Upon information and belief, admit the allegations of Paragraph 2.

3.      Admit Unified is a Texas Corporation with its principal place of business in Kansas that is licensed to do business in Montana.  State and alleges that Unified has an agreement with Allied for claims processing services. Unified

does not now, nor has it ever, had a contract with the National Brokers of America, Inc. ("NBOA").   NBOA had an agreement with Health Insurance Innovations ("HII").   HII had a direct relationship with The National Congress of Employers ("NCE"). The contracts and agreements applicable to Unified are set forth in writings that speak for themselves, and Unified deny the allegations of Paragraph 3 to the extent of inconsistency with those writings.

4.      State the allegations of Paragraph 4 are not directed to Unified/Allied.

5.      State the allegations of Paragraph 5 are not directed to Unified/Allied.

6.       Admits Allied is a Missouri Corporation with its principal offices in Kansas; admits Allied is party to agreement with Unified that speaks for itself.

7.      State the allegations of Paragraph 7 are not directed to Unified/Allied.

8.      State the allegations of Paragraph 8 are not directed to Unified/Allied.

## JURISDICTION

9.      Admit the Court has diversity jurisdiction of Plaintiffs' claims; states it is without sufficient information to admit or deny the allegations of jurisdiction under 28 U.S.C. §1332(d)(2) and therefore denies the same.

## VENUE

10.     Admit venue is proper in the Billings Division; deny the remaining allegations of Paragraph 10.

## FACTUAL BACKGROUND

11.    Admit Unified issued the STM Policy; state and alleges the STM Policy is set forth in a writing that speaks for itself and deny the allegations of Paragraph 11 to the extent of inconstancy with the writing; state that Unified/Allied are without sufficient information or knowledge to admit or deny allegations pertaining to communications with other Parties, and therefore deny the same; Unified/Allied deny the remaining allegations of Paragraph 11.

12.    Unified/Allied are without sufficient information or knowledge to admit or deny allegations pertaining to communications with other Parties, and therefore deny the same; Unified/Allied deny the remaining allegations of Paragraph 12.

13.    Admit the STM Policy had an effective date of April 1, 2016; admit the non-renewable STM Policy had a termination date of February 28, 2017; state that Unified/Allied are without sufficient information or knowledge to admit or deny allegations pertaining to communications with other Parties, and therefore deny the same; Unified/Allied deny the remaining allegations of Paragraph 13.

14.    Upon information and belief, admit Charles was diagnosed as alleged and underwent certain medical treatment as reflected in medical records that speak

for themselves, and deny the allegations to the extent of inconsistency with those writings; Unified/Allied deny the remaining allegations of Paragraph 14.

15.    State and allege Plaintiff's communications with Allied are as reflected in documents that speak for themselves and denies the allegations of this Paragraph to the extent of inconsistency with those writings; upon information and belief, admit Charles was diagnosed as alleged and underwent certain medical treatment as reflected in medical records that speak for themselves, and deny the allegations to the extent of inconsistency with those writings; Unified/Allied deny the remaining allegations of Paragraph 15.

16.    State and allege Plaintiff's communications with Allied are as reflected in documents that speak for themselves and denies the allegations of this Paragraph to the extent of inconsistency with those writings; state that Unified/Allied are without sufficient information or knowledge to admit or deny allegations pertaining to communications with other Parties, and therefore deny the same Unified/Allied deny the remaining allegations of Paragraph 16.

17.    Upon information and belief, admit Charles was diagnosed and underwent certain medical treatment as reflected in medical records that speak for themselves, and deny the allegations to the extent of inconsistency with those writings; Unified/Allied deny the remaining allegations of Paragraph 17.

18.    State that Unified/Allied is without sufficient information or knowledge to admit or deny allegations pertaining to communications with other Parties, and therefore deny the same; Unified/Allied deny the remaining allegations of Paragraph 18.

19.    Admit the non-renewable STM Policy at issue terminated on February 28, 2017 as requested and agreed to in advance by Charles, in compliance with applicable law, and consistent with the terms of the STM Policy; deny the STM Policy lapsed and/or was not renewed; deny lack of advance knowledge or notice of the STM Coverage Period by Charles; state that Unified/Allied are without sufficient information or knowledge to admit or deny allegations pertaining to communications with other Parties, and therefore deny the same; Unified/Allied deny the remaining allegations of Paragraph 19.

20.    State and alleges Plaintiff's communications with Allied are as reflected in documents that speak for themselves and denies the allegations of this Paragraph to the extent of inconsistency with those writings; state that Unified/Allied are without sufficient information or knowledge to admit or deny allegations pertaining to communications with other Parties, and therefore deny the same; Unified/Allied deny the remaining allegations of Paragraph 20.

21.    Upon information and belief, admit Charles was diagnosed with and/or treated for certain health conditions during the STM Coverage Period,

including but not limited to testicular cancer, and incurred certain medical costs for said conditions as reflected in the STM Claims and his medical records received by Allied, which speak for themselves, but denies the allegations to the extent of inconsistency with those writings; state that Unified/Allied are without sufficient information or knowledge to admit or deny allegations pertaining to events experienced by other Parties, and therefore deny the same; Unified/Allied deny the remaining allegations of Paragraph 21.

22.    Admit Plaintiffs made a filing with the Montana Insurance Department which speaks for itself and deny the allegations to the extent of inconsistency with those writings; admit the Montana Insurance Department forwarded the filing to Unified; admit that Unified responded to the Montana Insurance Department; Unified/Allied deny the remaining allegations of Paragraph 22.

23.    Admit Plaintiffs filed a complaint with the Montana Insurance Department which was forwarded to Unified Life; Unified/Allied deny the remaining allegations of Paragraph 23.

24.    State that all STM Claims have been processed and paid in accordance with the terms of the STM Policy, and STM EOB's issued to Charles, and applicable law, which speak for themselves and deny the allegations of this Paragraph to the extent of inconsistency with the writings; admit the STM Policy

includes a definition of "Reasonable and Customary Charge" that is set forth in the writing and speaks for itself, and deny the allegations to the extent of inconsistency with the writing; state that Multiplan access was afforded STM insureds for purposes of determining the Reasonable and Customary Charge ("R&C Charge"), that the Maximum Allowable Charge ("MAC") provision limits coverage to the lesser of the billed charge or the R&C Charge; that a Multiplan (or other PPO) discount could not be considered because it was not an option; that Multiplan was accessed (via the Zellis clearinghouse) for its repricing software called "NCN Data iSight" ("NCN"); that  NCN is a standard industry reference source for proprietary R&C Charge data; that Multiplan offers NCN as a "non-network" repricing solution for "non-PPO" plans, similar to "PPO network" discounts for "PPO plans"; upon information and belief, admits Charles was provided with online access to the STM Policy by logging into his online account; Unified/Allied deny the remaining allegations of Paragraph 24.

25.    Deny the allegations of Paragraph 25 as stated; state and allege Unified/Allied complied with all terms of the STM Policy.

26.    Admit the STM Policy contains an "Extension of Benefits" clause that is set forth in the writing and speaks for itself, and deny the allegations to the extent of inconsistency with those writings; state that the "Extension of Benefits" clause provides benefits only if "the Insured Person is Totally Disabled", that only the

disabling condition is covered, that the extension is limited to a 90-day maximum, and that no extension is made for pre-existing medical conditions; that Charles did not claim "total disability" prior to termination of the STM Coverage Period; admit the STM Policy terminated on February 28, 2017 as was required by the terms of the 11-month STM Policy; deny the STM Policy lapsed and/or was not renewed; state that Unified/Allied are without sufficient information or knowledge to admit or deny allegations pertaining to communications with other Parties, and therefore deny the same; Unified/Allied deny the remaining allegations of Paragraph 25.

27.    Deny the allegations of paragraph 27 alleging Unified/Allied caused emotional distress; state and allege the allegations of paragraph 27 are directed to Parties other than Unified/Allied; state and allege Unified/Allied provided insurance coverage as provided in the Policy.

28.    Deny the allegations of paragraph 28 alleging Unified/Allied caused economic harm/emotional distress; state and allege the allegations of paragraph 28 are directed to Parties other than Unified/Allied; state and allege Unified/Allied provided insurance coverage as provided in the Policy.

## COUNT I

### Breach of Contract

29.    Unified/Allied incorporate Paragraphs 1-28 above as if fully set forth herein.

30.    Admit Unified issued the STM Policy; state and alleges the STM Policy is set forth in a writing that speaks for itself and deny the allegations of Paragraph 30 to the extent of inconstancy with the writing; Unified/Allied deny the remaining allegations of Paragraph 30.

31.    Admit premiums were paid as reflected in writings which speak for themselves and deny the allegations to the extent of inconsistency with those writings; Unified/Allied deny the remaining allegations of Paragraph 31.

32.    Deny the allegations of Paragraph 32; state and allege Unified has paid benefits under the STM Policy as reflected in writings that speak for themselves and deny the allegations to the extent of inconsistency with those writings; Unified/Allied deny the remaining allegations of Paragraph 32.

33.    Deny the allegations of Paragraph 33; state and allege Unified has paid benefits under the STM Policy as reflected in writings that speak for themselves and deny the allegations to the extent of inconsistency with those writings; Unified/Allied deny the remaining allegations of Paragraph 33.

34.    Deny the allegations of Paragraph 34.

35.    Deny the allegations of Paragraph 35.

## COUNT II

**Unfair Claims Settlement Practices**

36.    Unified/Allied incorporate Paragraphs 1-35 above as if fully set forth herein.

37.    Admit Unified is an Insurer as defined in §33-1-201(6), MCA;  admit Allied acted as third-party claims administrator for an Insurer as defined in §33-1-201(6), MCA.

38.    Deny the allegations of Paragraph 38.

39.    Deny the allegations of Paragraph 39.

40.    Deny the allegations of Paragraph 40.

**COUNT III**

**Fraudulent Inducement**

41.    Unified/Allied incorporate Paragraphs 1-40 above as if fully set forth herein.

42.    State the allegations of Paragraph 42 are not directed to Unified/Allied, but rather are directed to NBOA; state that to the extent the allegations of Paragraph 42 purport to be directed to Unified/Allied, Unified/Allied deny the same; Unified/Allied deny the remaining allegations of Paragraph 42.

43.    State the allegations of Paragraph 43 are not directed to Unified/Allied, but rather are directed to NBOA; state that to the extent the allegations of Paragraph 43 purport to be directed to Unified/Allied, Unified/Allied deny the same; Unified/Allied deny the remaining allegations of Paragraph 43.

44.    State the allegations of Paragraph 44 are not directed to Unified/Allied, but rather are directed to NBOA; state that to the extent the allegations of Paragraph 44 purport to be directed to Unified/Allied, Unified/Allied deny the same; Unified/Allied deny the remaining allegations of Paragraph 44.

45.    State the allegations of Paragraph 45 are not directed to Unified/Allied, but rather are directed to NBOA; state that to the extent the allegations of Paragraph 45 purport to be directed to Unified/Allied, Unified/Allied deny the same; Unified/Allied deny the remaining allegations of Paragraph 45.

## COUNT IV

### Deceit

46.    Unified/Allied incorporate Paragraphs 1-45 above as if fully set forth herein.

47.    State the allegations of Paragraph 47 are not directed to Unified/Allied, but rather are directed to NBOA; state that to the extent the allegations of Paragraph 47 purport to be directed to Unified/Allied, Unified/Allied deny the same; Unified/Allied deny the remaining allegations of Paragraph 47.

48.    State the allegations of Paragraph 48 are not directed to Unified/Allied, but rather are directed to NBOA; state that to the extent the allegations of Paragraph 48 purport to be directed to Unified/Allied, Unified/Allied deny the same; Unified/Allied deny the remaining allegations of Paragraph 48.

49.    State the allegations of Paragraph 49 are not directed to Unified/Allied, but rather are directed to NBOA; state that to the extent the allegations of Paragraph 49 purport to be directed to Unified/Allied, Unified/Allied deny the same; Unified/Allied deny the remaining allegations of Paragraph 49.

50.    State the allegations of Paragraph 50 are not directed to Unified/Allied, but rather are directed to NBOA; state that to the extent the allegations of Paragraph 50 purport to be directed to Unified/Allied, Unified/Allied deny the same; Unified/Allied deny the remaining allegations of Paragraph 50.

51.    State the allegations of Paragraph 51 are not directed to Unified/Allied, but rather are directed to NBOA; state that to the extent the allegations of Paragraph 51 purport to be directed to Unified/Allied, Unified/Allied deny the same; Unified/Allied deny the remaining allegations of Paragraph 51.

52.    State the allegations of Paragraph 52 are not directed to Unified/Allied, but rather are directed to NBOA; state that to the extent the allegations of Paragraph 52 purport to be directed to Unified/Allied, Unified/Allied deny the same; Unified/Allied deny the remaining allegations of Paragraph 52.

## COUNT V

### Constructive Fraud

53.    Unified/Allied incorporate Paragraphs 1-52 above as if fully set forth herein.

54. State the allegations of Paragraph 54 are not directed to Unified/Allied, but rather are directed to NBOA; state that to the extent the allegations of Paragraph 54 purport to be directed to Unified/Allied, Unified/Allied deny the same; Unified/Allied deny the remaining allegations of Paragraph 54.

55. State the allegations of Paragraph 55 are not directed to Unified/Allied, but rather are directed to NBOA; state that to the extent the allegations of Paragraph 55 purport to be directed to Unified/Allied, Unified/Allied deny the same; Unified/Allied deny the remaining allegations of Paragraph 55.

56. State the allegations of Paragraph 56 are not directed to Unified/Allied, but rather are directed to NBOA; state that to the extent the allegations of Paragraph 56 purport to be directed to Unified/Allied, Unified/Allied deny the same; Unified/Allied deny the remaining allegations of Paragraph 56.

57. State the allegations of Paragraph 57 are not directed to Unified/Allied, but rather are directed to NBOA; state that to the extent the allegations of Paragraph 57 purport to be directed to Unified/Allied, Unified/Allied deny the same; Unified/Allied deny the remaining allegations of Paragraph 57.

58. State the allegations of Paragraph 58 are not directed to Unified/Allied, but rather are directed to NBOA; state that to the extent the allegations of Paragraph 58 purport to be directed to Unified/Allied, Unified/Allied deny the same; Unified/Allied deny the remaining allegations of Paragraph 58.

59.    State the allegations of Paragraph 59 are not directed to Unified/Allied, but rather are directed to NBOA; state that to the extent the allegations of Paragraph 59 purport to be directed to Unified/Allied, Unified/Allied deny the same; Unified/Allied deny the remaining allegations of Paragraph 59.

## COUNT VI

### Negligent Misrepresentation

60.    Unified/Allied incorporate Paragraphs 1-59 above as if fully set forth herein.

61.    State the allegations of Paragraph 61 are not directed to Unified/Allied, but rather are directed to NBOA; state that to the extent the allegations of Paragraph 61 purport to be directed to Unified/Allied, Unified/Allied deny the same; Unified/Allied deny the remaining allegations of Paragraph 61.

62.    State the allegations of Paragraph 62 are not directed to Unified/Allied, but rather are directed to NBOA; state that to the extent the allegations of Paragraph 62 purport to be directed to Unified/Allied, Unified/Allied deny the same; Unified/Allied deny the remaining allegations of Paragraph 62.

63.    State the allegations of Paragraph 63 are not directed to Unified/Allied, but rather are directed to NBOA; state that to the extent the allegations of Paragraph 63 purport to be directed to Unified/Allied, Unified/Allied deny the same; Unified/Allied deny the remaining allegations of Paragraph 63.

64.     State the allegations of Paragraph 64 are not directed to Unified/Allied, but rather are directed to NBOA; state that to the extent the allegations of Paragraph 64 purport to be directed to Unified/Allied, Unified/Allied deny the same; Unified/Allied deny the remaining allegations of Paragraph 64.

## COUNT VII

### Breach of Insurance Agent Absolute Duty

65.     Unified/Allied incorporate Paragraphs 1-64 above as if fully set forth herein.

66.     State the allegations of Paragraph 66 are not directed to Unified/Allied, but rather are directed to NBOA; state that to the extent the allegations of Paragraph 66 purport to be directed to Unified/Allied, Unified/Allied deny the same; Unified/Allied deny the remaining allegations of Paragraph 66.

67.     State the allegations of Paragraph 67 are not directed to Unified/Allied, but rather are directed to NBOA; state that to the extent the allegations of Paragraph 67 purport to be directed to Unified/Allied, Unified/Allied deny the same; Unified/Allied deny the remaining allegations of Paragraph 67.

68.     State the allegations of Paragraph 68 are not directed to Unified/Allied, but rather are directed to NBOA; state that to the extent the allegations of Paragraph 68 purport to be directed to Unified/Allied, Unified/Allied deny the same; Unified/Allied deny the remaining allegations of Paragraph 68.

69.     State the allegations of Paragraph 69 are not directed to Unified/Allied, but rather are directed to NBOA; state that to the extent the allegations of Paragraph 69 purport to be directed to Unified/Allied, Unified/Allied deny the same; Unified/Allied deny the remaining allegations of Paragraph 69.

## COUNT VIII

### Promissory Estoppel

70.     Unified/Allied incorporate Paragraphs 1-69 above as if fully set forth herein.

71.     State the allegations of Paragraph 71 are not directed to Unified/Allied, but rather are directed to NBOA; state that to the extent the allegations of Paragraph 71 purport to be directed to Unified/Allied, Unified/Allied deny the same; Unified/Allied deny the remaining allegations of Paragraph 71.

72.     State the allegations of Paragraph 72 are not directed to Unified/Allied, but rather are directed to NBOA; state that to the extent the allegations of Paragraph 72 purport to be directed to Unified/Allied, Unified/Allied deny the same; Unified/Allied deny the remaining allegations of Paragraph 72.

73.     State the allegations of Paragraph 73 are not directed to Unified/Allied, but rather are directed to NBOA; state that to the extent the allegations of Paragraph 73 purport to be directed to Unified/Allied, Unified/Allied deny the same; Unified/Allied deny the remaining allegations of Paragraph 73.

74.     State the allegations of Paragraph 74 are not directed to Unified/Allied, but rather are directed to NBOA; state that to the extent the allegations of Paragraph 74 purport to be directed to Unified/Allied, Unified/Allied deny the same; Unified/Allied deny the remaining allegations of Paragraph 74.

## COUNT IX

### Equitable Estoppel

75.     Unified/Allied incorporate Paragraphs 1-74 above as if fully set forth herein.

76.     State the allegations of Paragraph 76 are not directed to Unified/Allied, but rather are directed to NBOA; state that to the extent the allegations of Paragraph 76 purport to be directed to Unified/Allied, Unified/Allied deny the same; Unified/Allied deny the remaining allegations of Paragraph 76.

## COUNT X

### COMMON LAW BAD FAITH – ALTERNATIVE

### CLAIM HANDLING COUNT

77.     Unified/Allied incorporate Paragraphs 1-76 above as if fully set forth herein.

78-81.     State and allege this claim is not made against Unified/Allied.

## COUNT XII

### NEGLIGENCE – ALTERNATIVE CLAIM HANDLING COUNT

82.    Unified/Allied incorporate Paragraphs 1-81 above as if fully set forth herein.

83-86.    State and allege this claim is not made against Unified/Allied.

## COUNT XIII

## NEGLIGENCE *PER SE* – ALTERNATIVE CLAIM HANDLING COUNT

87.    Unified/Allied incorporate Paragraphs 1-86 above as if fully set forth herein.

88-91.    State and allege this claim is not made against Unified/Allied.

## COUNT XIV

## BREACH OF FIDUCIARY DUTY – ALTERNATIVE CLAIM HANDLING COUNT

92.    Unified/Allied incorporate Paragraphs 1-91 above as if fully set forth herein.

93-96.    State and allege this claim is not made against Unified/Allied.

## COUNT XVI

## MALICE

97.    Unified/Allied incorporate Paragraphs 1-96 above as if fully set forth herein.

98.    Deny the allegations of Paragraph 98.

## COUNT XV

## CLASS ACTION ALLEGATIONS

99.   Unified incorporates Paragraphs 1-98 above as if fully set forth herein.

100.   Denies the allegations of Paragraph 100.

101.   Denies the allegations of Paragraph 101.

102.   Denies the allegations of Paragraph 102.

103.   Denies the allegations of Paragraph 103.

104.   Denies the allegations of Paragraph 104.

105.   Denies the allegations of Paragraph 105.

106.   Denies the allegations of Paragraph 106.

## COUNT I

## BREACH OF CONTRACT

107.   Unified incorporates Paragraphs 1-106 above as if fully set forth herein.

108.   Denies the allegations of Paragraph 108.

109.   Denies the allegations of Paragraph 109.

110.   Denies the allegations of Paragraph 110.

111.   Denies the allegations of Paragraph 111.

112.   Denies the allegations of Paragraph 112.

113.   Denies the allegations of Paragraph 113.

114.   Denies the allegations of Paragraph 114.

115.   Denies the allegations of Paragraph 115.

116.   Denies the allegations of Paragraph 116.

117.   Denies the allegations of Paragraph 117.

Unified/Allied deny each and every allegation, claim, demand, averment and thing not expressly admitted herein.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Unified/Allied deny each and every allegation in Plaintiffs' Third Amended Complaint not specifically admitted, denied, or qualified.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Third Amended Complaint fails to state a cause of action upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiffs have failed to mitigate, minimize, or avoid any of their claimed injuries, damages, or losses, any recovery against Unified/Allied is void or must be reduced accordingly.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claimed damages were caused by the intervening, superseding, or contributing acts and conduct of persons or entities other than Unified/Allied, thereby precluding any recovery against Unified/Allied.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claimed damages were caused by unforeseeable, intervening, and independent factors unrelated to the actions of Unified/Allied.

## SIXTH AFFIRMATIVE DEFENSE

Unified/Allied deny and contests the damages alleged and the extent thereof as claimed by Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Unified/Allied has met all contractual obligations under the terms, conditions, and limitations of the STM Policy insuring Charles Butler.

## EIGHTH AFFIRMATIVE DEFENSE

Unified/Allied had a reasonable basis in both law and in fact for its actions in contesting Plaintiff's claim and the amount of Plaintiff's claim pursuant to Mont. Code Ann. § 33-18-242(5).

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages is not allowed or appropriate in this case as the claims are contrary to what is allowed under the provisions of Mont. Code Ann. § 27-1-221.  Furthermore, any award of punitive damages would be contrary to the due process and equal protection provisions of both the Montana and Federal Constitutions.  In the event punitive damages are considered in this case, any award of punitive damages must be consistent with the standards expressed by the U.S. Supreme Court in *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003).

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, laches, estoppel, failure of a condition precedent, contributory negligence, assumption of risk, the doctrine of unclean hands, collateral source statutes, statutes of limitations, and the absence of actual damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Some or all of the members of the purported class, as alleged in the Third Amended Complaint, did not act in reasonable or justifiable reliance on any alleged representation, act or omission of Unified.

## TWELFTH AFFIRMATIVE DEFENSE

Neither the Plaintiffs nor any members of the purported class, as alleged in the Third Amended Complaint, suffered any damage or injury caused by any representation, act or omission of Defendant [name of defendant 2].

## THIRTEENTH AFFIRMATIVE DEFENSE

Any damages sustained by any Plaintiff and/or member of the purported class, to the extent they exist, were caused by factors other than the acts of Defendant, including by the acts of parties other than Defendant.

## FOURTEENTH AFFIRMATIVE DEFENSE

Each plaintiff and member of the purported class failed to mitigate any damages sustained.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and those of members of the purported class are barred by the doctrine of intervening and superseding cause, including on-going economic events.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and those of members of the purported class are barred by the doctrine of in pari delicto, waiver, estoppel, unclean hands and laches and/or ratification.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and those of members of the purported class are barred in whole or in part by the statute of limitations or the statute of repose.

Unified/Allied hereby gives notice they intend to rely upon such other affirmative defenses as may become available or apparent during the course of discovery or other proceedings and thus reserves the right to amend this list to assert such other defenses to which it may be entitled.

WHEREFORE, Unified/Allied prays for an Order:

1. Dismissing Plaintiff's claims with prejudice;

2. Dismissing purported class action claims;

3. Awarding Unified/Allied such of their costs and fees as may be awardable at law or in equity;

4. For such other and further relief as the Court deems just and equitable.

## CROSSCLAIMS AGAINST NATIONAL BROKERS OF AMERICA

Unified by this pleading does not amend its cross-claims against NBoA, as set forth in Unified's Answer to Second Amended Complaint, Docket#70 pp. 22-28, but rather those crossclaims remain subject to entry of default against NBoA Docket#, and to default judgement against NBoA.

## SUPPLEMENTAL CROSS-CLAIM AGAINST NATIONAL BROKERS OF AMERICA, INC.

### A.   Parties and Jurisdiction

1. Unified is a Texas corporation and insurance company with its principal offices in Kansas.

2. National Brokers of America, Inc., ("NBoA") is an Ohio corporation with its principal offices in Pennsylvania.

3. This Court has jurisdiction of Unified's crossclaims pursuant to Fed. R. Civ. P. 13(g). Unified's crossclaim arises out of the transaction or occurrence that is the subject matter of the Plaintiffs' claims in this action. NBoA is liable for all or part of the clams asserted against Unified by Plaintiffs.

**B.     Facts**

4. Unified was party to contractual agreement with Xchange Benefits, LLC ("Xchange"). Xchange was party to contract with Health Insurance Innovations, Inc., Health Plans Intermediaries Holdings, Inc. d/b/a Health Insurance Innovations ("HII") the ("Agency Agreement"). Under the Agency Agreement, Xchange entered into contractual agreement with HII as sales and marketing distributor of the Products in the Service Area, including the Unified STM Policies purchased by Charles Butler and others.

5. NBoA and its employees acted under contract with and at the direction of HII with respect to sales and marketing of the short-term medical ("STM") Policy purchased by Charles Butler and others.

6.      Plaintiffs on behalf of a putative class or classes of STM Policyholders allege that NBoA promised a network or network access to STM Policyholders. The alleged conduct was not known to or authorized by Unified.

## COUNT I

## COMMON LAW DEFENSE AND INDEMNITY

7.      Unified re-alleges Paragraphs 1-6 above.

8.      NBoA is subject to a duty to defend and indemnify Unified from the class action claims asserted by the Plaintiffs.

9.      Unified is entitled to an Order directing NBoA to defend Unified and to indemnify Unified from any amounts Unified is obligated to pay to Plaintiffs on the common law claims.

## COUNT II

## DECLARATORY JUDGMENT

10.      Unified re-alleges paragraphs 1-9 above.

11.      NBoA engaged in acts and conduct that were not authorized by Unified.

12.      NBoA engaged in acts and conduct without knowledge of Unified.

13.      NBoA concealed their acts and conduct from Unified.

14.    NBoA engaged in acts and conduct directly contrary to the instructions of and the authority conferred by Unified.

15.    Unified is entitled to a judgment of the Court declaring that Unified is not responsible for acts and conduct of NBoA as alleged by Plaintiffs in their class action claims.

## COUNT III

## NEGLIGENCE/BREACH OF AGENT DUTIES

16.    Unified re-alleges Paragraphs 1-15 above.

17.    NBoA engaged in acts and conducts relating to sale of the STM Policy issued to putative classes of STM Policyholders.

18.     NBoA negligently breached its duties to Unified. NBoA acted contrary to Unified's instructions, without Unified's authority, and without knowledge or consent of Unified.

19.    For NBoA's breach of duties Unified is entitled to damages in the amount of damages claimed against Unified in the class action count.

## DEMAND FOR JURY TRIAL

Unified hereby demands a trial by jury of all issues triable by right by jury.

## REQUEST FOR RELIEF

WHEREFORE, Unified respectfully request the following relief against NBoA:

1.    Monetary damages in amounts to be proven at trial;

2.      Common defense and indemnity;

3.      A declaratory judgment;

4.      Pre- and post-judgment interest;

5.      Costs of suit and such other and further relief as this Court deems just and proper.

## CROSSCLAIMS AGAINST HII

For its crossclaims against Health Insurance Innovations, Inc. Health Plans Intermediaries Holdings, Inc. d/b/a Health Insurance Innovations, Unified states and alleges as follows:

**A.  <u>Parties and Jurisdiction</u>**

1.      Unified is a Texas corporation and insurance company with its principal offices in Kansas.

2.      Health Plans Intermediaries Holdings, Inc. d/b/a Health Insurance Innovations and Health Insurance Innovations, Inc. ("HII") are Delaware corporations with their principal offices in Florida.

3.      This Court has jurisdiction of Unified's crossclaims pursuant to Fed. R. Civ. P. 13(g).  Unified's crossclaim arises out of the transaction or occurrence that is the subject matter of the Plaintiffs' claims in this action.  HII is liable for all or part of the clams asserted against Unified by Plaintiffs.

**B. Facts**

4.      Unified was party to contractual agreement with Xchange Benefits, LLC ("Xchange").  Xchange was party to contract with HII and the National Congress of Employers, Inc. ("NCE") the ("Agency Agreement").  Under the Agency Agreement, Xchange entered into contractual agreement with HII as sales and marketing distributor of the Products in the Service Area, including the STM Policy purchased by Charles Butler and others.

5.      HII was party to a Managing General Agent Agreement ("MGAA") with NBoA.  HII authorized NBoA to represent HII "for purposes of soliciting and retaining licensed insurance agents" to "effect sales of products available through HII."  The MGAA required NBoA to "recruit, train and supervise agents, subject to approval by HII, to promote and effect sales of products available through HII."  HII had authority to refuse to accept any proposed agent, at HII's sole discretion.  HII provided training to NBoA,  and  performed billing, customer service and document fulfillment respecting Unified STM Policies.

6.      Unified directed termination of all NBoA agents on January 13, 2016.  On January 31, 2016, Unified directed HII to confirm, as an urgent matter, that NBoA had been terminated.  HII sought to limit the termination of NBoA agents, stating it was making "best effort" to "mitigate risk" by "proactively shoring up NBoA's sales operating by lending our expertise and maintaining oversight on

(NBoA)."  Termination of all NBoA agents, as directed by Unified on January 13, 2016, consequently was not effected until March 31, 2016.

7.      On February 28, 2016, NBoA Agent William Corchado sold a Unified STM Policy to Charles Butler.  HII personnel communicated with Butler during the sales process.   Plaintiffs allege Charles Butler was not given opportunity to review the STM Policy, did not execute the STM Policy application, and was misinformed of STM Policy terms.  Plaintiffs' further allege HII and/or NBoA promised that the STM Policy included network access which would protect them from balance billing.   Plaintiffs further allege the HII website incorporated misrepresentations and/or concealed material facts.

## COUNT I

## INTERFERENCE WITH CONTRACT

8.      Unified re-alleges Paragraphs 1-7 above.

9.      On January 13, 2016 Unified directed termination of all NBoA agents. HII interfered with the termination,  representing it would instead "shore up" NBoA by "lending our expertise and maintaining oversight" of NBoA.  By virtue of HII's acts and conduct, NBoA and William Corchado were not terminated as agents for the Unified STM Policy until March 31, 2016.

10.     Interference by HII caused NBoA and William Corchado to continue their activities under the STM Policy after January 13, 2016.  Plaintiffs allege that

after January 13, 2016 NBoA Agent Corchado engaged in acts and conduct that give rise to claims against Unified.

11.   HII's intentional acts and conduct were without right or justifiable cause.  HII's interference was the cause of loss and damage to Unified.

12.   Unified is entitled to damages in the amount of any damages for which Unified is found responsible to Plaintiffs due to HII's interference with the termination of NBoA.

## COUNT II

### DEFENSE AND INDEMNITY

13.   Unified re-alleges Paragraphs 1-12 above as if fully set forth herein.

14.   Under the Agency Agreement, Xchange appointed HII as "agent with respect to the Products in the Service Area."  The "Products" included the short-term medical policy purchased by Charles Butler and STM Policies purchased by other policyholders.

15.   Under the Agency Agreement the "Services" to be performed by HII included "[s]olicit[ing] individuals to purchase Products on behalf of Unified Life …."  "Services" also includes "[r]esponding to inquiries of actual or potential insures with respect to the scope and amount of coverage provided by the Products."  The Agency Agreement specifically provided that HII "shall not vary or expand the obligations of Unified Life …."

16.     Under the Agency Agreement, HII agreed to indemnify Unified against "any and all Losses … arising out of or resulting from (i) any breach by (HII) of any of its covenants or agreements set forth in this Agreement …."

17.     Plaintiffs have made claims against Unified based on alleged conduct of NBOA and HII in soliciting Charles Butler to purchase the Unified Policy and in responding to inquiries of the Butlers, including claims that HII and/or NBoA altered terms of the STM Policy by allegedly promising network access. Plaintiffs' claims against Unified are "Losses" subject to indemnity under the Agency Agreement.

18.     HII agreed to defend Unified in an action covered by the indemnity clause of the Agency Agreement.

19.     Unified is entitled to defense and indemnity of claims brought by Plaintiffs and a putative class of STM Policyholders.

## COUNT III

## NEGLIGENCE

20.     Unified re-alleges Paragraphs 1-19 above.

21.     Plaintiffs allege HII failed to afford opportunity for Policy review, failed to procure the policy applicant's signature on the policy application, and that STM Policy terms were misrepresented to Charles Butler.  Plaintiffs further allege HII failed to shore up NBoA by lending its expertise to NBoA and maintaining

oversight of NBoA, and that HII and/or NBoA promised that the STM Policy included network access which would protect them from balance billing. Plaintiffs further allege the HII website incorporated misrepresentations and/or concealed material facts.

20.     Plaintiffs' allegations comprise alleged breach of HII's duties to train, supervise and direct its employees and to train, supervise and direct agents of NBoA.

21.     For HII's breach of duty to exercise reasonable care, Unified is entitled to damages in the amount of any damages for which Unified is found responsible to Plaintiffs and a putative class of STM Policyholders due to HII's negligence.

## COUNT IV

## BREACH OF CONTRACT

22.     Unified re-alleges Paragraphs 1-21 above.

23.     HII was subject to contractual obligation to approve NBoA's recruitment, training and supervision of agents to promote and effect sales of products available through HII.   HII provided training to NBoA,  and  performed billing, customer service and document fulfillment respecting Unified's STM Policies.  Unified was an intended beneficiary of the contract.

24.     Plaintiffs allege Unified is responsible for damages based on alleged acts and conduct of NBoA and HII.  The alleged conduct comprises alleged breach of HII's contractual obligations.

25.     For HII's breach of contractual duties, Unified is entitled to damages in the amount of any damages for which Unified is found responsible to Plaintiffs.

## DEMAND FOR JURY TRIAL

Unified hereby demands a trial by jury of all issues triable by right by jury.

## REQUEST FOR RELIEF

WHEREFORE, Unified respectfully request the following relief against HII:

1.  Monetary damages in amounts to be proven at trial;

2.  Defense and indemnity;

3.  Pre- and post-judgment interest;

4.  Costs of suit and such other and further relief as this Court deems just and proper.

## THIRD-PARTY CLAIM

## MULTIPLAN, INC.

For their Third-Party Claims against Multiplan, Inc., Unified and Allied state and allege as follows:

A.     **<u>Parties and Jurisdiction</u>**

1.     Unified is a Texas corporation and insurance company with its principal offices in Kansas.

2.     Allied is a Missouri corporation with its principal offices in Kansas.

3.     Multiplan, Inc. ("Multiplan') is a New York corporation with its principal offices in New York.

4.      This Court has jurisdiction of Unified/Allied's Third-Party Claims pursuant to Fed. R. Civ. P. 14.  Unified/Allied's Third-Party Claims arise out of the transaction or occurrence that is the subject matter of the Plaintiffs' claims in this action. Multiplan is liable for all or part of the clams asserted against Unified/Allied by Plaintiffs.

**B.     Facts**

5.     Plaintiff Charles Butler ("Butler") and others acquired certain short-term medical ("STM") health insurance (the "STM Policy") issued by Unified. Medical providers for Butler and other STM policyholders submitted certain claims under the STM Policies through Allied as third-party administrator.

6.     The STM Policy provided for payment of "Eligible Expenses" defined as "expenses which are medically necessary and not in excess of 'maximum allowable charges' ("MAC") (or excluded by the policy)."  STM Policy p. 5.  The MAC provision extended coverage to the "lesser of" the "billed charge" or the "Reasonable and Customary Charge" ("R&C").

Maximum Allowable Charge (MAC) – the Maximum Allowable Charge that will be considered as Eligible Expenses for necessary medical services and supplies generally furnished for cases of comparable severity and nature in the geographical area in which the services or supplies are furnished will be the lesser of billed charges or the Reasonable and Customary Charge.

STM Policy p. 7.

7.    The STM Policy defined reasonable and customary charge:

Reasonable and Customary Charge – the usual charge made for necessary medical services, drugs, procedures, supplies or treatment generally furnished for cases of comparable severity and nature in the geographical area in which the services, drugs, procedures, supplies or treatment are furnished.

"Geographical Area" means:

a. the three digit zip code in which the service, treatment, procedure, drugs or supplies are provided; or

b. a greater area will be used if necessary to obtain a representative cross-section of charges for a like treatment, service, procedure, device, drug or supply.

In determining whether a charge is reasonable, We may consider such factors as We in the reasonable exercise of Our discretion, determine are appropriate, including but not limited to:

a. the complexity of service or supply involved;

b. the degree of professional skill, experience and training required for a Doctor to perform the procedure or service;

c. the severity or nature of the Bodily Injury or Sickness being treated;

d. the provider's adherence or failure to adhere to charge amounts and practices, including but not limited to billing, itemization, coding, bundling (including restriction against unbundling such as may occur in multiple procedures, bilateral procedures or when a Doctor is assisting another Doctor) and documentation practices, generally accepted by an established United State medical society or other pertinent professional organization or governmental agency as determined by Us; or

e. the cost to the provider of providing the service or supplies, or performing the procedure.

8.     The STM Policy provided for determination of reasonable and customary charges through standard industry reference.   STM Policy p. 10 ("We subscribe to the standard industry reference sources which collect date to determine the Reasonable and Customary Charge in a given case.")

9.     Allied was party to "Service Agreement" with National Care Network, LLC ("NCN").    Following the acquisition of NCN by MultiPlan, the Service Agreement was amended and MultiPlan was substituted as party to the Service Agreement.

10.     Under the Service Agreement, MultiPlan agreed to perform "repricing of hospital charges based on a combination of benchmarking rules" on a "payer-specific basis."   MultiPlan through its "Data iSight" service agreed to provide "objective, clinically-specific, severity-adjusted, supporting data based on a peer to peer comparison."   MultiPlan represented that the "Data iSight process creates a national benchmarking group that contains claim and cost data for cases of like

severity in hospitals with characteristics that match those of the individual claim being analyzed." Without limitation, under the Service Agreement MultiPlan agreed to "determine the specific severity level for each claim," to "determine the cost of the services for the claim being analyzed," to "categorize hospitals by key factors including urban or rural," to "match the wage index for the geographic location of the specific claim being analyzed," and to consider "the billed charge for each individual CPT/HCPCS, the allowed amount for each individual CPT/HCPCS, Physician specialty, and the Place of service."

11.    Under the Service Agreement MultiPlan represented that Data iSight "determines a fair price for professional claims using amounts generally accepted by providers as payment in full for services." Claims were priced using National Correct Coding Initiative (NCCI), Relative Value Units (RVU), and the CMS Geographic Practice Cost Index (GPCI). Zip code was used to obtain the correct area GPCI value to be applied to the RVU. The place of service on the claim was reviewed to determine location for applying the RVU practice expense. The total geographically-adjusted RVU was multiplied by the Data iSight conversion factor applicable to the CPT code. In order to allow for higher reimbursement where services provided require unique training, more experience or a higher skill level than that already allowed for in the RVU, Data iSight utilized a process for

adjusting the recommended reimbursement if the higher level of experience/skill was raised by the provider.

12.     Under the Data iSight repricing methodology, Unified/Allied were informed and understood geographical factors were considered. Without limitation, the "zip code is used to obtain the correct area GPCI value to be applied to the RVU," the "place of service on the claim is reviewed to determine location for applying the RVU practice expense," and the "total geographically-adjusted RVU is multiplied by the Data iSight conversion factor applicable to the CPT code."

13.     Multiplan determined reasonable and customary charges through Data iSight for claims submitted under the STM Policy for certain STM Policyholders including Charles Butler.   Allied/Unified were informed and the Services Agreement provided that the re-pricing performed by MultiPlan through Data iSight included, without limitation, consideration of the zip code in which the service, treatment, procedure, drugs or supplies are provided or a greater area if necessary to obtain a representative cross-section of charges for a like treatment, service, procedure, device, drug or supply.   Unified/Allied further were informed and the Services Agreement provided that the Data iSight re-pricing considered the complexity of service or supply involved, the degree of professional skill, experience and training required for a Doctor to perform the procedure or service,

the severity or nature of the Bodily Injury or Sickness being treated, and the cost to the provider of providing the service or supplies, or performing the procedure.

14.    Throughout the time period relevant to the Plaintiffs' claims, Multiplan provided re-pricing determinations to Allied.  Allied then utilized the re-pricing determinations made by Multiplan to determine benefits payable to STM Policyholders including Charles Butler.

15.    Plaintiffs on behalf of themselves and putative classes of STM Policyholders allege the re-pricing determinations made by Multiplan through Data iSight failed to consider all appropriate and necessary factors, and/or that Multiplan failed to determine the usual charge in the geographic area in which medical services were rendered.   Plaintiffs seek to recover from Unified the difference between providers' usual charge and the re-pricing charge as determined by Multiplan for claims made by STM Policyholders including Charles Butler.

16.    Unified/Allied's Third-Party Claims against Multiplan are dependent on the outcome of Plaintiffs' claims against Unified/Allied.  If Plaintiffs or a class of plaintiffs are entitled to damages from Unified/Allied, then Unified/Allied are entitled to recover those damages from Multiplan.

## COUNT I

## DEFENSE AND INDEMNITY

17.    Unified/Allied re-allege Paragraphs 1-16 above.

18.     Under the Services Agreement MultiPlan agreed to indemnity, defend and hold harmless Allied and its affiliates from and against suits, claims, costs and expenses to the extent and proportion that such Losses related to or arise from negligent acts or omissions of MultiPlan or breach of the Services Agreement by Multiplan.  By virtue of its TPA relationship with Allied, Unified is an affiliate of Allied for purposes of the obligations of the Services Agreement.

19.     Plaintiffs seek damages from Allied/Unified based on alleged acts and conduct of Multiplan.

20.      Multiplan is subject to a duty to defend and indemnify Allied/Unified from the claims asserted by the Plaintiffs.

21.     Unified/Allied are entitled to an Order directing Multiplan to defend Unified/Allied, and to indemnify Unified/Allied from any amounts Unified/Allied are obligated to pay to Plaintiffs for or relating to acts, conduct or omissions of Multiplan.

**COUNT II**

**NEGLIGENCE**

22.     Unified/Allied re-allege Paragraphs 1-21 above.

23.      Multiplan undertook to perform re-pricing determinations for claims submitted under the STM Policy for Charles Butler and other policyholders.

24.     Plaintiffs allege that Multiplan failed to exercise reasonable care in making re-pricing determinations.

25.     If Multiplan failed to exercise reasonable care in re-pricing determinations, then Multiplan negligently breached its duties to Unified/Allied.

26.     Unified/Allied are entitled to damages in the amount of any damages for which Unified is found responsible to Plaintiffs due to negligence of Multiplan.

## COUNT III

## BREACH OF CONTRACT

27.     Unified/Allied re-allege Paragraphs 1-26 above.

28.     Multiplan was party to and performed services under the Service Agreement.

29.     Plaintiffs allege that Multiplan failed to determine usual charge for medical services in the geographical area in which the medical services were provided.

30.     Unified/Allied are entitled to damages in the amount of any damages for which Unified is found responsible to Plaintiffs due to breach of contract by Multiplan.

## DEMAND FOR JURY TRIAL

Unified/Allied hereby demand a trial by jury of all issues triable by right by jury.

## REQUEST FOR RELIEF

WHEREFORE, Unified respectfully requests the following relief against NBoA:

1. Monetary damages in amounts to be proven at trial;

2. Defense and indemnity;

3. Pre- and post-judgment interest;

4. Costs of suit and such other and further relief as this Court deems just and proper.

DATED this 17th day of December, 2018.

By:   /s/ Robert L. Sterup
              Robert L. Sterup
              BROWN LAW FIRM, P.C.
              *Attorneys for*
              *Defendants/Crossclaimants/Third-*
              *Party Claimants Unified Life*
              *Insurance Company and Allied*
              *National, Inc.*

## CERTFICATE OF SERVICE

I hereby certify that on the 17th day of December, 2018, a copy of the foregoing was electronically filed and served on the following persons by the following means:

| 1-3 | CM/ECF | _____ | Fax |
| _____ | Hand Delivery | _____ | E-Mail |
| _____ | Mail | _____ | Overnight Delivery |

1.  U.S District Court, Billings Division

2.  John M. Morrison
    Scott Peterson
    MORRISON SHERWOOD WILSON DEOLA PLLP
    401 North Last Chance Gulch
    P.O. Box 557
    Helena, MT 59624-0557
    john@mswdlaw.com
    speterson@mswdlaw.com
    *Attorney for Plaintiffs*

3.  Christopher C. Voigt
    Monique P. Voigt
    David F. Knobel
    Crowley Fleck PLLP
    500 Transwestern Plaza II
    P.O. Box 2529
    Billings, MT 59103-2529
    cvoigt@crowleyfleck.com
    mvoigt@crowleyfleck.com
    dknobel@crowleyfleck.com
    *Attorneys for Defendant Health Plans Intermediaries Holdings, LLC
    d/b/a Health Insurance Innovations, Health Insurance Innovations,
    Inc.*

4.  Katherine Huso
    Ryan Gustafson
    Matovich, Keller & Huso, P.C.

2812 First Ave N, Ste 225
P.O. Box 1098
Billings, MT 59103-1098
*Attorneys for Defendant The National Congress of Employers*
khuso@mkhattorneys.com
rgustafson@mkhattorneys.com


By:   /s/ Robert L. Sterup
        Robert L. Sterup