Robert L. Sterup
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
Tel. (406) 248-2611
Fax (406) 248-3128
rsterup@brownfirm.com
*Attorneys for Defendants/Crossclaimants and*
*Third-Party Claimants Unified Life Insurance Company*
*And Allied National, Inc.*

**IN THE UNITED STATE DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| CHARLES M. BUTLER, III, and CHOLE BUTLER,<br><br>Plaintiffs,<br><br>vs.<br><br>UNIFIED LIFE INSURANCE COMPANY; HEALTH PLANS INTERMEDIARIES HOLDINGS, LLC, D/B/A HEALTH INSURANCE INNOVATIONS; HEALTH INSURANCE INNOVATIONS, INC.; ALLIED NATIONAL, INC.; NATIONAL BROKERS OF AMERICA, INC.; THE NATIONAL CONGRESS OF EMPLOYERS, INC.; and DOES 1-10,<br><br>Defendants. | Cause No.: CV 17-50-SPW-TJC<br><br><br><br>**UNIFIED LIFE INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL DEFAULT JUDGMENT NATIONAL BROKERS OF AMERICA** |
| UNIFIED LIFE INSURANCE COMPANY AND ALLIED NATIONAL, INC., | |

1

|  |  |
|---|---|
| Crossclaimants and<br>Third- Party Claimants, | )<br>)<br>) |
|  | ) |
| vs. | )<br>) |
|  | ) |
| HEALTH PLANS INTERMEDIARIES<br>HOLDINGS, LLC, D/B/A HEALTH<br>INSURANCE INNOVATIONS;<br>HEALTH INSURANCE<br>INNOVATIONS, INC. | )<br>)<br>)<br>)<br>)<br>) |
|  | ) |
| Crossclaim Defendant, | )<br>) |
| and | )<br>) |
|  | ) |
| NATIONAL BROKERS OF<br>AMERICA, INC., | )<br>)<br>) |
|  | ) |
| Crossclaim Defendant, | )<br>) |
| and | )<br>) |
|  | ) |
| MULTIPLAN, INC. | )<br>) |
|  | ) |
| Third-Party Defendant. | ) |

Defendant/Crosslaimant Unified Life Insurance Company ("Unified") respectfully submits this Memorandum of Law in Support of Motion for Partial Default Judgment against National Brokers of America, Inc. ("NBoA").

**I. FACTS**

1. Unified filed crossclaims against NBoA dated June 1, 2018. Docket#71.

2.	The Clerk of Court entered Rule 55(a) default against NBoA dated June 29, 2018.  Docket#77.

3.	The crossclaims allege that unauthorized acts and conduct of NBoA have exposed Unified to Plaintiffs' common law claims.  Crossclaims ¶¶9-14.  Unified sought a Judgment directing NBoA to defend Unified and to indemnify Unified.  Docket#71, Crossclaims Count II ¶¶20-23.

## II.	Discussion

### A. Standards Default Judgment

Obtaining a default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).  First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  Second, under Rule 55(b), the plaintiff must apply to the court for entry of a default judgment.  Fed. R. Civ. P. 55(b); *Rothing v. Lambert*, 2014 WL 121866 (D. Mont. 2014).

"When an action presents more than one claim for relief ... the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).  Under Rules 54 and 55, the Court has authority to enter a partial default judgment.  *See, e.g., Anfinson v. True Blue of Pinellas, Inc.*, 2018

WL 4385125 (M.D. Fla. 2018)(partial default judgment entered); *Painters District Counsel No. 58 v. Platinum Enterprises, LLC*, 2018 WL 5622572 (E.D.Mo. 2018)(partial default judgment).

This Court has jurisdiction over this case and NBoA. NBoA is an Ohio Corporation with its principal offices in Pennsylvania. Docket#1, Complaint ¶5; Docket#181, Third Amended Complaint¶9. Plaintiffs are citizens of Montana, all Defendants are citizens of other states, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. Docket#1, Complaint ¶9; Docket#181, Third Amended Complaint¶9. Unified's crossclaims against NBoA arise out of the transaction or occurrence that is the subject matter of the original action and are subject to this Court's jurisdiction under Fed. R. Civ. P. 13(g).

By failing to answer, NBoA is deemed to have admitted the factual allegations in the Complaint as to liability. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)("the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."); *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007)("In reviewing a default judgment, this court takes 'the well-pleaded factual allegations' in the complaint 'as true,' except those relating to the amount of damages.")

### B. NBoA Liability - Defense/Indemnity

By its failure to appear NBoA has admitted that:

1. NBoA and its employees acted under contract with Health Insurance Innovations ("HII") with respect to sales and marketing of the short-term medical ("STM") Policy purchased by Charles Butler. Crossclaims ¶5.

2. The STM Policy had an effective date of April 1, 2016, and a termination date of February 28, 2017. Crossclaims ¶8.

3. Plaintiffs allege that NBoA through its employee William Corchado engaged in alleged misrepresentations and concealment. NBoA admits the alleged conduct was not known to or authorized by Unified. Crossclaims ¶¶9-10.

Plaintiffs allege the conduct of NBoA gives rise to claims against Unified for fraudulent inducement, deceit, constructive fraud, negligent misrepresentation, breach of insurance agent duty, promissory estoppel, equitable estoppel, and punitive damages ("common law claims"). Crossclaims ¶¶12-14, 21. By its failure to appear, NBoA has admitted that the common law claims are based on acts and conduct of NBoA. Crossclaims ¶21. NBoA has admitted that:

> NBoA is subject to a duty to defend and indemnify Unified from the common law claims asserted by the Plaintiffs.

Crossclaims ¶22.

### C. Multi-Factor Test

The choice whether to enter a default judgment lies within the discretion of the court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In the

determination of whether to grant a default judgment, the court should consider seven factors: (1) the possibility of prejudice to plaintiff if default judgment is not entered; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits. *Eitel*, 782 F.2d at 1471–72.

    1.    Defendant's failure to respond or otherwise appear in a case "prejudices a plaintiff's ability to pursue its claims on the merits," and therefore satisfies the first factor. *See, e.g., ME2 Prods., Inc. v Sanchez*, 2018 U.S. Dist. LEXIS 61961, 2018 WL 1763514, at *1 (D. Nev. 2018).

    2-3.    Unified's crossclaims are sufficiently pled, as set forth above.

    4.    The partial default judgment does not award monetary damages. Instead, monetary award will be determined at a later time.

    5.    There is no dispute concerning the material facts. Factual allegations of the crossclaims are taken as true as a matter of law.

    6.    NBoA's failure to appear was not the product of excusable neglect.

    7.    While public policy generally favors disposition on the merits, default judgment is appropriate where, as here, the other *Eitel* factors are satisfied. *Wells Fargo Financial Nevada 2, Inc. v. The Eagle and the Cross, LLC*, 2018 WL 6046170 (D. Nev. 2018).

Finally, there is "no just reason for delay" in entry of partial default judgment. Fed. R. Civ. P. 54(b). NBoA has admitted its duty to defend/indemnify Unified. A partial default judgment establishing NBoA's liability to defend/indemnify does not adjudicate claims/defenses of any other parties. *See International Fruit Genetics LLC v. Okran 38 Pty Ltd*, 2017 WL 8186266 *6 (C.D. Cal. 2017)("'justice to the litigants' weighs heavily in favor of granting a partial default judgment."); *Rainbow Pioneer No. 44-18-04A v. Hawaii-Nevada Inv. Corp.*, 711 F.2d 902 (9th Cir. 1983)(court found no just reason for delay and entered a partial default judgment); *Bank of America, N.A. v. Peterson*, 2012 WL 12896246 (D. Minn. 2012)(finding no just reason for delay, entering partial default judgment); *Davis v. Oldham*, 2008 WL 177180 (M.D. Fla. 2008)("there is 'no just reason to delay entry' of a partial final default judgment….")

For all of the foregoing reasons, Unified is entitled to partial default judgment against NBoA.

## CONCLUSION

Unified is entitled to entry of partial default judgment against NBOA that NBoA is subject to a duty to defend and indemnify Unified from the common law claims asserted by the Plaintiffs.

A proposed Partial Default Judgment is provided herewith.

DATED this 19th day of December, 2018.

                By:  /s/ Robert L. Sterup
                      Robert L. Sterup
                      BROWN LAW FIRM, P.C.
                      *Attorneys for Defendants Unified Life Insurance Company and Allied National, Inc.*

## CERTIFICATE OF COMPLIANCE

The undersigned, Robert L. Sterup, certifies that Unified Life Insurance Company's Memorandum of Law in Support of Motion for Partial Default Judgment National Brokers of America complies with the requirements of Rule 7.1(d)(2). The lines in this document are double spaced, except for footnotes and quoted and indented material, and the document is proportionately spaced with Times New Roman Font typeface consisting of fourteen characters per inch. The total word count is 1,115 words, excluding caption and certificates of compliance and service. The undersigned relies on the word count of the word processing system used to prepare this document.

/s/ Robert L. Sterup_
Robert L. Sterup

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of December, 2018, a copy of the foregoing was electronically filed and served on the following persons by the following means:

| 1-4 | CM/ECF | ____ | Fax |
| ____ | Hand Delivery | ____ | E-Mail |
| ____ | Mail | ____ | Overnight Delivery |

1. U.S District Court, Billings Division

2. John M. Morrison
   MORRISON SHERWOOD WILSON DEOLA PLLP
   401 North Last Chance Gulch
   P.O. Box 557
   Helena, MT 59624-0557
   *Attorney for Plaintiffs*

3. Christopher C. Voigt
   Monique P. Voigt
   David F. Knobel
   Crowley Fleck PLLP
   500 Transwestern Plaza II
   P.O. Box 2529
   Billings, MT 59103-2529
   cvoigt@crowleyfleck.com
   mvoigt@crowleyfleck.com
   dknobel@crowleyfleck.com
   *Attorneys for Defendant Health Plans Intermediaries Holdings, LLC d/b/a Health Insurance Innovations, Health Insurance Innovations, Inc.*

4. Katherine Huso
   Ryan Gustafson
   Matovich, Keller & Huso, P.C.
   2812 First Ave N, Ste 225
   P.O. Box 1098

Billings, MT 59103-1098
*Attorneys for Defendant The National Congress of Employers*
khuso@mkhattorneys.com
rgustafson@mkhattorneys.com


By: /s/ Robert L. Sterup
Robert L. Sterup


DATED this _____ day of _____, 2018.

By: /s/ Robert L. Sterup
Robert L. Sterup
BROWN LAW FIRM, P.C.
*Attorneys for Defendants/Crossclaimants/Third-Party Claimants Unified Life Insurance Company and Allied National, Inc.*

## **CERTFICATE OF SERVICE**

I hereby certify that on the ____ day of _____, 2018, a copy of the foregoing was electronically filed and served on the following persons by the following means:

| | | | |
|---|---|---|---|
| 1-3 | CM/ECF | ____ | Fax |
| ____ | Hand Delivery | ____ | E-Mail |
| ____ | Mail | ____ | Overnight Delivery |

2. U.S District Court, Billings Division

2. John M. Morrison
   Scott Peterson
   MORRISON SHERWOOD WILSON DEOLA PLLP
   401 North Last Chance Gulch
   P.O. Box 557
   Helena, MT 59624-0557
   john@mswdlaw.com
   speterson@mswdlaw.com
   *Attorney for Plaintiffs*

3. Christopher C. Voigt
   Monique P. Voigt
   David F. Knobel
   Crowley Fleck PLLP
   500 Transwestern Plaza II
   P.O. Box 2529
   Billings, MT 59103-2529
   cvoigt@crowleyfleck.com
   mvoigt@crowleyfleck.com
   dknobel@crowleyfleck.com
   *Attorneys for Defendant Health Plans Intermediaries Holdings, LLC d/b/a Health Insurance Innovations, Health Insurance Innovations, Inc.*

4. Katherine Huso
   Ryan Gustafson
   Matovich, Keller & Huso, P.C.

2812 First Ave N, Ste 225
P.O. Box 1098
Billings, MT 59103-1098
*Attorneys for Defendant The National Congress of Employers*
khuso@mkhattorneys.com
rgustafson@mkhattorneys.com



By:  /s/ Robert L. Sterup
           Robert L. Sterup