Katherine S. Huso
Ryan J. Gustafson
MATOVICH, KELLER & HUSO, P.C.
2812 1st Avenue North, Suite 225
P.O. Box 1098
Billings, MT  59103-1098
(406) 252-5500
khuso@mkhattorneys.com
rgustafson@mkhattorneys.com

*Attorneys for The National Congress of Employers, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CHARLES M. BUTLER, III and CHOLE BUTLER,<br><br>Plaintiffs,<br><br>vs.<br><br>UNIFIED LIFE INSURANCE COMPANY, HEALTH PLANS INTERMEDIARIES HOLDINGS, LLC D/B/A HEALTH INSURANCE INNOVATIONS, HEALTH INSURANCE INNOVATIONS, INC., ALLIED NATIONAL, INC., NATIONAL BROKERS OF AMERICA, INC., THE NATIONAL CONGRESS OF EMPLOYERS, INC., and DOES 1-10,<br><br>Defendants. | CV 17-50-BLG-SPW-TJC<br><br><br>**THE NATIONAL CONGRESS OF EMPLOYERS, INC.'S ANSWER TO THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

The National Congress of Employers, Inc. (NCE), in response to Plaintiffs' Third Amended Complaint, answers, alleges, and avers as follows:

## SUMMARY OF CLAIM

1.     In response to Paragraph 1 of Plaintiffs' Third Amended Complaint, NCE admits, upon information and belief, that in February 2016, Plaintiff Charles Butler was sold health insurance that became effective April 1, 2016; that he paid premiums; and that he was diagnosed with testicular cancer and incurred medical costs.  NCE denies the allegations of the last two sentences of Paragraph 1.  NCE lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 1, and therefore denies the same.

## PARTIES

2.     Upon information and belief, NCE admits the allegations of Paragraph 2 of Plaintiffs' Third Amended Complaint.

3.     NCE lacks sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 3 of Plaintiffs' Third Amended Complaint, and therefore denies the same.

4.     NCE lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 4 of Plaintiffs' Third Amended Complaint, and therefore denies the same.

5.      In response to Paragraph 5 of Plaintiffs' Third Amended Complaint, NCE admits, upon information and belief, that NBoA sold Mr. Butler the health insurance policy at issue in this case.  NCE lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 5, and therefore denies the same.

6.      In response to Paragraph 6 of Plaintiffs' Third Amended Complaint, NCE admits, upon information and belief, that Allied was responsible for handling Mr. Butler's claims that are at issue in this case.  NCE lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 6, and therefore denies the same.

7.      In response to Paragraph 7 of Plaintiffs' Third Amended Complaint, NCE admits it is a Delaware corporation.  NCE denies the remaining allegations of Paragraph 7, including footnote number two.

8.      NCE lacks sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 8 of Plaintiffs' Third Amended Complaint, and therefore denies the same.

## **JURISDICTION**

9.      In response to Paragraph 9 of Plaintiffs' Third Amended Complaint, NCE admits, upon information and belief, that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  NCE lacks sufficient knowledge or information to

form a belief about the truth of the remaining allegations of Paragraph 9, and therefore denies the same.

## VENUE

10.     In response to Paragraph 10 of Plaintiffs' Third Amended Complaint, NCE admits that venue is appropriate in the Billings Division.  NCE denies the remaining allegations of Paragraph 10.

## FACTUAL BACKGROUND

11.     In response to the allegations of Paragraph 11 of Plaintiffs' Third Amended Complaint, NCE admits, upon information and belief, that William Corchado sold Mr. Butler a Unified Life health insurance policy in February 2016. NCE denies that Mr. Corchado was acting as an agent of NCE.  NCE lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 11, and therefore denies the same.

12.     In response to Paragraph 12 of Plaintiffs' Third Amended Complaint, NCE denies that it made any representations to Mr. Butler about the policy and denies that it sold health insurance coverage to Mr. Butler.  NCE lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 12, and therefore denies the same.

13.     In response to Paragraph 13 of Plaintiffs' Third Amended Complaint, NCE admits, upon information and belief, that Mr. Butler's coverage became

effective April 1, 2016, with a termination date of February 28, 2017. NCE denies

that it provided Mr. Butler with a health insurance card and denies that it

maintained a web portal through which the policy was available electronically.

NCE lacks sufficient knowledge or information to form a belief about the truth of

the remaining allegations of Paragraph 13, and therefore denies the same.

14.     In response to Paragraph 14 of Plaintiffs' Third Amended Complaint,

NCE admits, upon information and belief, that Mr. Butler was diagnosed with

testicular cancer and received medical care, and that he submitted medical bills to

Allied National. NCE lacks sufficient knowledge or information to form a belief

about the truth of the remaining allegations of Paragraph 14, and therefore denies

the same.

15.     NCE lacks sufficient knowledge or information to form a belief about

the truth of the allegations Paragraph 15 of Plaintiffs' Third Amended Complaint,

and therefore denies the same.

16.     NCE denies the allegations of Paragraph 16 of Plaintiffs' Third

Amended Complaint to the extent they are directed at NCE.

17.     NCE lacks sufficient knowledge or information to form a belief about

the truth of the allegations of Paragraphs 17, 18, 19, 20, 21 and 22 of Plaintiffs'

Third Amended Complaint, and therefore denies the same.

18.    NCE denies the allegations of Paragraph 23 of Plaintiffs' Third Amended Complaint to the extent they are directed at NCE.

19.    NCE lacks sufficient knowledge or information to form a belief about the truth of the allegations of Paragraph 24 of Plaintiffs' Third Amended Complaint, and therefore denies the same.

20.    In response to Paragraph 25 of Plaintiffs' Third Amended Complaint, NCE denies that it made any representations to Mr. Butler about the policy.  NCE lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 25, and therefore denies the same.

21.    In response to Paragraph 26 of Plaintiffs' Third Amended Complaint, NCE denies that it terminated Mr. Butler's coverage.  NCE lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 26, and therefore denies the same.

22.    NCE denies the allegations of Paragraphs 27 and 28 of Plaintiffs' Third Amended Complaint to the extent they are directed at NCE.

## COUNT I
## BREACH OF CONTRACT

23.    NCE incorporates by reference its answers to Paragraphs 1 through 28 of Plaintiffs' Third Amended Complaint as if fully set forth herein.

24.   The allegations of Paragraphs 30, 31, 32, 33, 34 and 35 of Plaintiffs'

Third Amended Complaint are not directed at NCE, and therefore no response is

required.  To the extent a response is required, NCE denies these allegations.

## COUNT II
### UNFAIR CLAIMS SETTLEMENT PRACTICES

25.   NCE incorporates by reference its answers to Paragraphs 1 through 35

of Plaintiffs' Third Amended Complaint as if fully set forth herein.

26.   NCE denies the allegations of Paragraphs 37, 38, 39 and 40 of

Plaintiffs' Third Amended Complaint.

## COUNT III
### FRAUDULENT INDUCEMENT

27.   NCE incorporates by reference its answers to Paragraphs 1 through 40

of Plaintiffs' Third Amended Complaint as if fully set forth herein.

28.   NCE denies the allegations of Paragraphs 42, 43, 44 and 45 of

Plaintiffs' Third Amended Complaint to the extent they are directed at NCE.

## COUNT IV
### DECEIT

29.   NCE incorporates by reference its answers to Paragraphs 1 through 45

of Plaintiffs' Third Amended Complaint as if fully set forth herein.

30.   NCE denies the allegations of Paragraphs 47, 48, 49, 50, 51 and 52 of

Plaintiffs' Third Amended Complaint to the extent they are directed at NCE.

## COUNT V
## CONSTRUCTIVE FRAUD

31.     NCE incorporates by reference its answers to Paragraphs 1 through 52 of Plaintiffs' Third Amended Complaint as if fully set forth herein.

32.     NCE denies the allegations of Paragraphs 54, 55, 56, 57, 58 and 59 of Plaintiffs' Third Amended Complaint to the extent they are directed at NCE.

## COUNT VI
## NEGLIGENT MISREPRESENTATION

33.     NCE incorporates by reference its answers to Paragraphs 1 through 59 of Plaintiffs' Third Amended Complaint as if fully set forth herein.

34.     NCE denies the allegations of Paragraphs 61, 62, 63 and 64 of Plaintiffs' Third Amended Complaint.

## COUNT VII
## BREACH OF INSURANCE AGENT ABSOLUTE DUTY

35.     NCE incorporates by reference its answers to Paragraphs 1 through 64 of Plaintiffs' Third Amended Complaint as if fully set forth herein.

36.     The allegations of Paragraphs 66 and 67 of Plaintiffs' Third Amended Complaint are not directed at NCE, and therefore no response is required.  To the extent a response is required, NCE lacks sufficient knowledge or information to form a belief about the truth of these allegations, and therefore denies the same.

37.     NCE denies the allegations of Paragraphs 68 and 69 of Plaintiffs' Third Amended Complaint.

## COUNT VIII
## PROMISSORY ESTOPPEL

38.     NCE incorporates by reference its answers to Paragraphs 1 through 69 of Plaintiffs' Third Amended Complaint as if fully set forth herein.

39.     NCE denies the allegations of Paragraph 71 of Plaintiffs' Third Amended Complaint to the extent they are directed at NCE.

40.     NCE lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 72 of Plaintiffs' Third Amended Complaint, and therefore denies the same.

41.     NCE denies the allegations of Paragraphs 73 and 74 of Plaintiffs' Third Amended Complaint to the extent they are directed at NCE.

## COUNT IX
## EQUITABLE ESTOPPEL

42.     NCE incorporates by reference its answers to Paragraphs 1 through 74 of Plaintiffs' Third Amended Complaint as if fully set forth herein.

43.     NCE denies the allegations of Paragraph 76 of Plaintiffs' Third Amended Complaint to the extent they are directed at NCE.

## COUNT X
## COMMON LAW BAD FAITH-ALTERNATIVE CLAIM HANDLING COUNT

44.     NCE incorporates by reference its answers to Paragraphs 1 through 76 of Plaintiffs' Third Amended Complaint as if fully set forth herein.

45.    NCE denies the allegations of Paragraphs 78, 79, 80 and 81 of Plaintiffs' Third Amended Complaint.

## COUNT XI
## NEGLIGENCE-ALTERNATIVE CLAIM HANDLING COUNT

46.    NCE incorporates by reference its answers to Paragraphs 1 through 81 of Plaintiffs' Third Amended Complaint as if fully set forth herein.

47.    NCE denies the allegations of Paragraphs 83, 84, 85 and 86 of Plaintiffs' Third Amended Complaint.

## COUNT XII
## NEGLIGENCE *PER SE*-ALTERNATIVE CLAIM HANDLING COUNT

48.    NCE incorporates by reference its answers to Paragraphs 1 through 86 of Plaintiffs' Third Amended Complaint as if fully set forth herein.

49.    NCE denies the allegations of Paragraphs 88, 89, 90 and 91 of Plaintiffs' Third Amended Complaint.

## COUNT XIII
## BREACH OF FIDUCIARY DUTY-ALTERNATIVE CLAIM HANDLING COUNT

50.    NCE incorporates by reference its answers to Paragraphs 1 through 91 of Plaintiffs' Third Amended Complaint as if fully set forth herein.

51.    NCE denies the allegations of Paragraphs 93, 94, 95 and 96 of Plaintiffs' Third Amended Complaint.

## COUNT XIV
## MALICE

52.    NCE incorporates by reference its answers to Paragraphs 1 through 96 of Plaintiffs' Third Amended Complaint as if fully set forth herein.

53.    NCE denies the allegations of Paragraph 98 of Plaintiffs' Third Amended Complaint.

## COUNT XV
## CLASS ACTION ALLEGATIONS
## AGAINST UNIFIED LIFE ONLY

54.    The allegations of Paragraphs 99, 100, 101, 102, 103, 104, 105 and 106 of Plaintiffs' Third Amended Complaint are not directed at NCE, and therefore no response is required.  To the extent a response is required, NCE lacks sufficient knowledge or information to form a belief about the truth of these allegations, and therefore denies the same.

## CLASS CLAIMS FOR RELIEF

## COUNT I
## BREACH OF CONTRACT

55.    NCE incorporates by reference its answers to Paragraphs 1 through 106 of Plaintiffs' Third Amended Complaint as if fully set forth herein.

56.    The allegations of Paragraphs 108, 109, 110, 111, 112, 113, 114, 115, 116 and 117 of Plaintiffs' Third Amended Complaint are not directed at NCE, and therefore no response is required.  To the extent a response is required, NCE lacks

sufficient knowledge or information to form a belief about the truth of these allegations, and therefore denies the same.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Third Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

NCE's actions or inactions, if any, were not the proximate cause of Plaintiffs' claimed injuries or damages.

## THIRD AFFIRMATIVE DEFENSE

The injuries and damages complained of by Plaintiffs were not caused by conduct of NCE, but are attributable to other person, events or conditions beyond the control and legal responsibility of NCE.

## FOURTH AFFIRMATIVE DEFENSE

The conduct of all persons or entities who caused or contributed to Plaintiffs' claimed damages should be compared, with relative fault of all parties and non-parties apportioned as provided by Mont. Code Ann. § 27-1-703.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs contributed to the damages complained of by their own actions and/or inactions, and their damages, if any, should therefore be reduced, in whole or in part, pursuant to Mont. Code Ann. § 27-1-702.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages, if any, caused by NCE.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have incurred no recoverable damages attributable to any alleged acts or omissions of NCE.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claimed injuries and damages, if any, were the result of intervening and/or superseding causes.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' Third Amended Complaint, to the extent it seeks punitive damages pursuant to Mont. Code Ann. § 27-1-221, violates NCE's due process rights under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Montana, because of the lack of sufficient standards governing such damage awards.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' Third Amended Complaint, to the extent it seeks punitive damages pursuant to Mont. Code Ann. § 27-1-221, violates NCE's right to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and the Due Process Clause of the Fourteenth Amendment to the United States Constitution, as well as Article II, Sections 17 and

22, of the Constitution of the State of Montana, and does not meet the test for allowing punitive damages as set forth by the United States Supreme Court in *BMW v. Gore*, 517 U.S. 559 (1996); *State Farm Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *Philip Morris USA v. Williams*, 549 U.S. 346 (2007); and other applicable case law.

## APPLICABILITY OF AFFIRMATIVE DEFENSES

NCE raises the above claims and defenses so that they will not be waived. NCE reserves the right to add additional affirmative defenses throughout the course of discovery. Some of NCE's affirmative defenses may not apply when this case proceeds to trial. At the final pretrial conference, NCE will dismiss any affirmative defense which does not appear to be reasonably based upon and supported by the facts and/or law.

WHEREFORE, NCE prays that judgment be entered in its favor and against Plaintiffs, that Plaintiffs take nothing by way of their Third Amended Complaint, that the Third Amended Complaint be dismissed, that NCE be awarded its costs of suit, and for such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant NCE demands a trial by jury on all issues of fact raised herein.

DATED this 21st day of December, 2018.

**MATOVICH, KELLER, & HUSO, P.C.**

By:  /s/ Katherine S. Huso
     Katherine S. Huso
     *Attorneys for The National Congress*
     *of Employers, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of December, 2018, a copy of the foregoing was served on the following persons by the following means:

| 1, 2, 3, 4 | CM/ECF | | Fax |
|---|---|---|---|
| | Hand Delivery | | Email |
| | Mail | | Overnight Delivery Service |

1.  Clerk, U.S. District Court, Billings Division

2.  John M. Morrison
    Scott Peterson
    Morrison Sherwood Wilson Deola, PLLP
    401 North Last Chance Gulch
    P.O. Box 557
    Helena, MT 59624-0557

3.  Robert L. Sterup
    Brown Law Firm, P.C.
    315 North 24th Street
    P.O. Box 849
    Billings, MT 59103-0849

4.  Christopher C. Voigt
    Monique P. Voight
    Crowley Fleck, PLLP
    490 North 31st Street, Suite 500
    P.O. Box 2529
    Billings, MT 59103-2529

**MATOVICH, KELLER, & HUSO, P.C.**

By:   /s/ Katherine S. Huso
      Katherine S. Huso
      *Attorneys for The National Congress*
      *of Employers, Inc.*