IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED
JAN 1 1 2019
Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| CHARLES M. BUTLER, III and CHOLE BUTLER<br><br>Plaintiffs,<br><br>vs.<br><br>UNIFIED LIFE INSURANCE COMPANY; HEALTH PLANS INTERMEDIARIES HOLDINGS, LLC, doing business as Health Insurance Innovations, Inc.; ALLIED NATIONAL, INC.; NATIONAL BROKERS OF AMERICA, INC.; THE NATIONAL CONGRESS OF EMPLOYERS, INC.; and DOES 1-10<br><br>Defendants. | CV 17-50-BLG-SPW<br><br>ORDER |

Before the Court is Defendant Unified Life Insurance Company's objection (Doc. 182) to Judge Cavan's order granting the plaintiffs leave to amend the complaint to add a class action count.

Under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), a district court may refer any non-dispositive matter to the magistrate for resolution. A party may object to the magistrate's order and the district court may modify or set aside the order if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under 28 U.S.C. § 636(b)(1)(B) and Federal

1

Rule of Civil Procedure 72(b)(1), a district court may refer dispositive matters and other select motions to the magistrate for resolution. The magistrate is required to propose findings and recommendations for adoption by the district court, which may be objected to by either party. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court must review objections to findings and recommendations de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Among the motions which require findings and recommendations and de novo review of objections are motions to dismiss or permit maintenance of a class action. 28 U.S.C. § 636(b)(1)(A-B). Unified Life argues an order granting leave to amend to add a class action count is "analytically akin" to an order to "permit maintenance of a class action," and its objection should therefore be reviewed de novo. But a motion to amend the complaint and a motion to certify a class are not "analytically akin" because they require different standards. *Compare* Fed. R. Civ. P. 15(a) and 16(b) *with* Fed. R. Civ. P. 23(b). It is quite possible for a plaintiff to satisfy the first standard only to fail the second. *See Patton v. Thomson Corp.*, 364 F.Supp.2 263, 265 (E.D.N.Y. 2005) (order granting discovery of putative class members was not an order certifying the class); *Barrus v. Dick's Sporting Goods, Inc.*, 465 F.Supp.2d 224, 228-229 n.1 (W.D.N.Y 2006) (noting magistrate had authority to enter conditional class certification because it was not a final

certification). The proper standard to review Judge Cavan's order is clearly erroneous or contrary to law.

The Court has read the parties' briefs, Judge Cavan's order, and Unified Life's objection, and concludes Judge Cavan's order granting leave to amend to add a class action count is not clearly erroneous or contrary to law. The objection (Doc. 182) is overruled.

DATED this 10th day of January, 2019.

SUSAN P. WATTERS
United States District Judge