IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CHARLES M. BUTLER, III and CHOLE BUTLER<br><br>                  Plaintiffs,<br><br>vs.<br><br>UNIFIED LIFE INSURANCE COMPANY; HEALTH PLANS INTERMEDIARIES HOLDINGS, LLC, doing business as Health Insurance Innovations, doing business as Health Insurance Innovations, Inc.; ALLIED NATIONAL, INC.; NATIONAL BROKERS OF AMERICA, INC.; THE NATIONAL CONGRESS OF EMPLOYERS, INC.; and DOES 1-10<br>                  Defendants. | CV 17-50-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE REGARDING UNIFIED'S UNOPPOSED MOTION FOR PARTIAL DEFAULT JUDGMENT** |

Plaintiffs Charles M. Butler, III and Chole Butler ("Plaintiffs") bring this action against Defendants Unified Life Insurance Company ("Unified"), Health Plan Intermediaries Holdings, LLC d/b/a Health Insurance Innovations, d/b/a Health Insurance Innovations, Inc. ("HII"), Allied National, Inc. ("Allied"), National Brokers of America, Inc. ("NBoA"), and National Congress of Employers, Inc. ("NCE") relating to a health insurance policy Mr. Butler purchased in February 2016.

1

Presently before the Court is Unified's Unopposed Motion for Partial Default Judgment. (Doc. 186.) Unified requests entry of partial default judgment against NBoA. The motion has been referred to the undersigned under 28 U.S.C. § 636(b)(1)(B), and is fully briefed and ripe for the Court's review.

## I. BACKGROUND

Plaintiffs filed this action on April 25, 2017, alleging in part that NBoA, through its employee William Corchado, engaged in misrepresentations and concealment concerning a Unified health insurance policy Corchado sold to Mr. Butler. Plaintiffs allege the conduct of NBoA gives rise to several common law claims against Unified, including fraudulent inducement, deceit, constructive fraud, negligent misrepresentation, breach of insurance agent duty, promissory estoppel, equitable estoppel, and malice. (*See* Doc. 181.)

On June 1, 2018, Unified filed crossclaims against NBoA.[1] (Doc. 71.) In particular, Unified alleged NBoA's unauthorized acts and conduct exposed Unified to Plaintiffs' common law claims. (*Id.* at ¶ 9-14.) Unified thus claimed NBoA is subject to a duty to defend and indemnify Unified from the common law claims asserted by Plaintiffs. (*Id.* at ¶ 22.)

---

[1] Unified filed supplemental crossclaims against NBoA on December 17, 2018. (*See* Doc. 184.) Unified's present motion does not seek to dispose of the supplemental cross-claims.

NBoA has failed to respond or otherwise appear in this case. Unified now requests entry of partial default judgment against NBoA on its claim that NBoA is subject to a duty to defend and indemnify Unified from the common law claims asserted by Plaintiffs. (Doc. 186.)

## II. ANALYSIS

Federal Rule of Civil Procedure 55(b)(2) governs applications to the Court for default judgment. Default judgment is available as long as the plaintiff establishes the defendant has been served with the summons and complaint, default was entered for the defendant's failure to appear, and the defendant is neither a minor nor an incompetent person. Fed. R. Civ. P. 55(b). Entry of default judgment is within the trial court's discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the Court considers the following factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Upon entry of default, the factual allegations in the complaint, except those relating to damages, are deemed admitted. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18

3

(9th Cir. 1987).

Here, Unified sufficiently demonstrates that default judgment is available under Rule 55(b). NBoA is a corporation, and is therefore neither a minor nor incompetent person. (Doc. 71 at ¶ 2.) NBoA was served with the summons and complaint, and default has been entered for NBoA's failure to appear. (*See* Docs. 73, 75 at ¶ 2, 77.) To date, NBoA has not appeared in this action.

Further, the Court finds the factors enumerated in *Eitel* weigh in favor of entering partial default judgment against NBoA. First, NBoA's failure to appear prejudices Unified's "ability to pursue its claim on the merits and seek recovery of damages." *Me2 Prod., Inc. v. Sanchez*, 2018 WL 1763514, *1 (D. Nev. April 12, 2018). The second and third factors also weigh in favor of default judgment. These two factors, considered together, require Unified to "state a claim on which [it] may recover." *Pepsico, Inc. v. Cal. Security Cans*, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002). Here, Unified's crossclaims are sufficiently pled.

The fourth factor is neutral at this point because the partial default judgment does not award monetary damages. Rather, any damages will be determined at a later time after completion of the trial against the non-defaulting parties. The fifth and sixth factors also weigh in favor of default judgment. Because default was entered against NBoA pursuant to Rule 55(a), the facts alleged in the crossclaims have been accepted as true. There is no indication that any material factual dispute

exists.  Nor is there any indication that NBoA's failure to appear was the result of excusable neglect.

Under the seventh factor, the Court must consider the policy favoring decisions on the merits.  Here, however, NBoA's failure to appear precludes a decision on the merits.  Thus, in the circumstances of this case, the Court finds this factor does not weigh against default judgment.

### III.   CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that Unified's Unopposed Motion for Default Judgment (Doc. 186) be **GRANTED** as follows:

1. NBoA is subject to a duty to defend and indemnify Unified from the common law claims asserted by Plaintiffs.

2. All remaining crossclaims and supplemental crossclaims of Unified against NBoA, including but not limited to monetary amounts to be paid by NBoA to Unified for defense and indemnity, are not disposed of by entry of this Partial Default Judgement and remain to be adjudicated.  This Partial Default Judgment also does not adjudicate the claims or defenses of any other parties to this action.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to

the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

**IT IS ORDERED**.

DATED this 9th day of August, 2019.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge