IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CHARLES M. BUTLER, III and CHLOE BUTLER<br><br>Plaintiffs,<br><br>vs.<br><br>UNIFIED LIFE INSURANCE COMPANY; HEALTH PLANS INTERMEDIARIES HOLDINGS, LLC, doing business as Health Insurance Innovations, doing business as Health Insurance Innovations, Inc.; ALLIED NATIONAL, INC.; NATIONAL BROKERS OF AMERICA, INC.; THE NATIONAL CONGRESS OF EMPLOYERS, INC.; and DOES 1-10<br>Defendants. | CV 17-50-BLG-SPW-TJC<br><br>**ORDER GRANTING MOTION TO STRIKE SUPPLEMENTAL EXPERT REPORTS** |

Pending before the Court is Defendants Unified Life Insurance Company and Allied National, Inc.'s ("Unified/Allied") Motion to Strike Plaintiffs' Supplemental Expert Reports. (Doc. 123). The Motion has been referred to the undersigned under 28 U.S.C. § 636(b)(1)(B), and is fully briefed and ripe for the Court's review.

Having considered the parties' submissions, the Court finds the motion should be **GRANTED**.

1

## I. BACKGROUND

On February 22, 2018, the Court issued a Scheduling order setting the deadline for disclosure of liability experts for June 15, 2016 and rebuttal expert disclosures for July 15, 2018. (Doc. 66.) The discovery deadline was September 14, 2018. (*Id.*)

On June 15, 2018, Plaintiffs provided expert disclosures for three expert witnesses: Cori M. Cook, Jim Edwards, and Christina L. Goe. (Doc. 124-1.)

Ms. Cook was deposed on September 20, 2018 and Mr. Edwards was deposed on September 25, 2018.

On September 28, 2019, more than three months after the expert disclosure deadline, and after Ms. Cook and Mr. Edwards had been deposed, Plaintiffs provided a "First Supplemented" report from Ms. Cook. (Doc. 124-2 at1-21.) Plaintiffs provided a "First Supplemented" report from Mr. Edwards a few days later, on October 1, 2018. (*Id.* at 22-41.) Ms. Cook's supplemental report disclosed three new opinions. (*Id.* at 19-21.) Mr. Edwards' supplemental report provided an expanded analysis for his opinions. (*Id.* at 32, 35-37.)

Unified/Allied now move to strike the supplemental expert reports of Ms. Cook and Mr. Edwards as untimely. (Doc. 123.) Unified/Allied contend the experts did not identify, or base their opinions on, any significant new information that was unavailable to them prior to June 15 or July 15. Plaintiffs counter that the

2

supplemental reports addressed new information that was revealed in discovery after the initial disclosures had been made.

## II.     ANALYSIS

Federal district courts routinely set schedules and deadlines in order to manage the efficient and orderly resolution of cases. *Wong v. Regents of Univ. of California*, 410 F.3d 1052, 1060 (9th Cir. 2005). The Ninth Circuit has observed:

> Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence. The Federal Rules of Civil Procedure explicitly authorize the establishment of schedules and deadlines, in Rule 16(b), and the enforcement of those schedules by the imposition of sanctions, in Rule 16(f).

*Id.* Yet, "[d]eadlines must not be enforced mindlessly." *Id.* Sometimes there may be good reason to permit expert opinions to be disclosed after the established deadline. *Id.*

Federal Rule of Civil Procedure 26(a) requires the parties to make their expert witness disclosures "at the times and in the sequence that the court orders." Fed.R.Civ.P. 26(a)(2)(D). Rule 26(e) requires the supplementation of expert reports "in a timely manner" upon discovery of new information. Fed.R.Civ.P. 26(e)(1)(A); *Plentyhawk v. Sheikh*, 2016 WL 3086404, *3 (D. Mont. May 31, 2016). Rule 26(e), however, "does not give license to sandbag one's opponent

3

with claims and issues which should have been included in the expert witness' report." *Id.* (citing *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 639 (D. Haw. 2008)). "The duty to supplement is not an opportunity to add to information which should have been disclosed initially under Rule 26(a)." *Erickson v. Ford Motor. Co.*, 2007 WL 5527512, *6 (D. Mont. Nov. 14, 2007). Rather, "[s]upplementation under the Rules means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Keener v. U.S.*, 181 F.R.D. 639, 640 (D. Mont. 1998).

"Rule 37 'gives teeth' to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed."[1] *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The exclusionary sanction is "self-executing" and "automatic." *Id.* It is "designed to provide a strong inducement for disclosure," and does not require a finding of

---

[1] Rule 37 provides in relevant part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).

willfulness or bad faith. *Yeti*, 259 F.3d at 1106. The only exception to the exclusion is "if the parties' failure to disclose the required information is substantially justified or harmless." *Id.* The party seeking to avoid Rule 37's exclusionary sanction bears the burden to prove justification or harmlessness. *Id.* at 1107.

Unified/Allied argue Ms. Cook and Mr. Edwards' expert reports were improperly supplemented. As Unified/Allied correctly point out, the experts' supplemental opinions were based on information that was available to Plaintiffs prior to the disclosure deadline. (*See* Doc. 124 at 3-6.) New information under the Rules means "information that was not available at the time of the initial disclosure." *Keener*, 181 F.R.D. at 640. The new information standard is not met where the party had "access to correct information well in advance of the expert disclosure deadline." *Plentyhawk*, 2016 WL 3086404 at *4.

Here, the experts' supplemental opinions can all be linked to previously disclosed information. For example, the Data iSight methodology that is the subject of Ms. Cook's first supplemental opinion (Doc. 124-2 at 19), was referenced in Plaintiffs' Complaint and First and Second Amended Complaints. (*See* Docs. 1 at ¶ 24; 9 at ¶24; 47 at ¶24.) Allied's expert also discussed the Data iSight methodology in his report, but Ms. Cook did not issue a rebuttal. (Doc. 124-3.) Ms. Cook's second new opinion regarding the Claim Supervisor's familiarity

5

with the Policy (Doc. 124-2 at 20) was partly based on Laura Rankin's deposition which occurred on June 7, 2018. (Doc. 154 at 3.) Finally, Ms. Cook's third new opinion regarding the promise of network coverage (Doc. 124-2 at 20) was referenced in Plaintiffs' Complaints, Plaintiffs' Preliminary Pretrial Statement, and was partially based on the deposition of William Corchado, which was conducted prior to June 15, 2018. (Docs. 1 at ¶ 24; 9 at ¶ 24; 47 at ¶24; 61 at 12; 124 at 5.)

Similarly, the information underlying Mr. Edwards' expanded opinions was based on documents and depositions that were available to Plaintiffs before June 15 or July 15, 2018. (*Compare* Docs. 124-1 at 23 and 124-2 at 24 (identifying the same "Information Considered" in both Mr. Edwards initial and supplemental reports). As such, the Court does not find Plaintiffs' supplemental expert opinions were based on the discovery of new information.

To the extent the experts' supplemental opinions were based on depositions that occurred after July 15 rebuttal deadline, the supplemental reports are nevertheless untimely. Rule 26(e) creates a duty to supplement "in a timely manner." Fed.R.Civ.P. 26(e)(1)(A). But Plaintiffs were not diligent in supplementing their expert reports. For instance, Dave Scanlin was deposed on July 27, 2018, shortly after the July 15, 2018 rebuttal deadline. According to Plaintiffs, the transcript was available four days later. (Doc. 154 at 3.) Yet the supplemental expert reports were not provided until two months later, after

6

Plaintiffs' experts had already been deposed.  The Court finds Plaintiffs have not met their burden to show that the late supplementation is substantially justified or harmless.  As such, Plaintiffs' supplemental expert reports are subject to exclusion under Rule 37.

"If full compliance with Rule 26(a) and 26(e)(1) is not made, Rule 37(c)(1) mandates some sanction, the degree and severity of which are within the discretion of the trial judge." *Keener*, 181 F.R.D. at 641.  Before striking an expert report under Rule 37, courts may consider the following factors:  "(1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the other parties, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." *Plentyhawk*, 2016 WL 3086404 at *4.

Here, the Court finds these factors weigh in favor of exclusion, rather than a less drastic sanction.  The supplemental reports were not provided until after the experts' depositions, and after the discovery deadline had lapsed.  As such, if the Court were to authorize the untimely supplementation, the Court would have to substantially modify the Scheduling Order to reopen discovery after it has been closed for approximately a year.  The Court declines to do so.  The Court finds Plaintiffs will not be unduly prejudiced by exclusion because they may continue to rely on their detailed initial expert reports.

7

### III.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants Unified and Allied's Motion to Strike Supplemental Expert Reports (Doc. 123) is **GRANTED**.  The "First Supplemented Expert Report of Cori M. Cook" and the "First Supplemented Expert Report of Jim Edwards" are hereby stricken.

**IT IS ORDERED**.

DATED this 18th day of September, 2019.

                                                         _____
                                                         TIMOTHY J. CAVAN
                                                         United States Magistrate Judge