

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CHARLES M. BUTLER, III and CHOLE BUTLER<br><br>Plaintiffs,<br><br>vs.<br><br>UNIFIED LIFE INSURANCE COMPANY; HEALTH PLANS INTERMEDIARIES HOLDINGS, LLC, doing business as Health Insurance Innovations, Inc.; ALLIED NATIONAL, INC.; NATIONAL BROKERS OF AMERICA, INC.; THE NATIONAL CONGRESS OF EMPLOYERS, INC.; and DOES 1-10<br><br>Defendants. | CV 17-50-BLG-SPW<br><br>ORDER |

Before the Court are United States Magistrate Judge Timothy Cavan's findings and recommendation filed August 8, 2019. (Doc. 226). Judge Cavan recommends the Court deny Plaintiffs' motion to certify a class action. (Doc. 93).

I. **Standard of review**

Plaintiffs filed timely objections to the findings and recommendation. (Doc. 232). Plaintiffs are entitled to de novo review of those portions of Judge Cavan's findings and recommendation to which they properly object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

1

## II. Factual summary

The proposed class action concerns Defendant Unified Life Insurance Company's systematic practice of paying healthcare bills based on what providers have previously accepted rather than what providers charge. The Court has already determined as a matter of law that Unified's systematic practice breaches insurance contracts containing the Reasonable and Customary Charge clause. The Reasonable and Customary Charge clause states, in effect, that Unified will pay the lesser of either the billed charges or the usual charge for a comparable service in the geographic area. Because Unified pays what providers previously accepted rather than what providers either actually or usually charged, it's a breach of the insurance contract.

The class action complaint alleges Unified's practice has subjected proposed class members to balance billing. Balance billing occurs when a healthcare provider charges a certain amount for a service, Unified pays an amount based on what a healthcare provider may have previously accepted for the service, the healthcare provider accepts Unified's payment, but the healthcare provider does not agree Unified's payment fully satisfies the charge. The healthcare provider then asks the insured to pay the remaining balance. The class seeks damages equal to the difference between what Unified paid and what the healthcare providers actually or usually charged for a comparable service in the geographic area.

2

## III. Plaintiffs' Objections

Judge Cavan recommended denying certifying the class because common class issues did not predominate over class members' individual issues, namely the computation of damages. The Plaintiffs argue this was error, and the Court agrees.

## IV. Discussion

Class certification is governed by Federal Rule of Civil Procedure 23. A party seeking to maintain a class action must demonstrate that each of the following prerequisites of Rule 23(a) are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

The party must also meet at least one of the three criteria listed in Rule 23(b). These are: (1) that there is a risk of prejudice from separate actions; (2) that declaratory or injunctive relief is appropriate as to the class; or (3) that common questions of law or fact predominate, and a class action is superior to other methods of adjudication. Fed. R. Civ. P. 23(b)(1-3).

Judge Cavan found Rule 23(a)'s prerequisites were satisfied but that none of the criteria in Rule 23(b) were met. In regard to Rule 23(b)(3), Judge Cavan found damages would have to be determined on an individualized basis, considering several factors that would vary from insured to insured. Judge Cavan concluded

3

common questions therefore did not predominate and that a class action was not a superior method of litigating the claims. The Plaintiffs argue Judge Cavan erred because individualized damages are not a valid reason to deny certification. The Court agrees.

The potential existence of individualized damage assessments does not detract from the action's suitability for class certification. *Leyva v. Medline Industries Inc.*, 716 F.3d 510, 514 (9th Cir. 2013) (citing *Yokoyama v. Midland Nat'l Life Ins. Co.*, 594 F.3d 1087, 1094 (9th Cir. 2010)). The amount of damages owed to each class member is often an individual question, but that complication does not defeat class action certification. *Leyva*, 716 F.3d at 514 (citing *Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975)). The question, instead, is whether common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication. *In re Hyundai and Kai Fuel Economy Litigation*, 926 F.3d 539, 557 (9th Cir. 2019). If so, there is clear justification for handling the dispute on a representative rather than on an individual basis. *In re Hyundai*, 926 F.3d at 557.

Here, the common question is whether Unified systematically breached its insurance policies containing the Reasonable and Customary Charge. The Court has affirmed that question as a matter of law. The individual questions are whether Unified's breach subjected each class member to balance billing, and if so, how

much. Answering the individual questions will require determining how much the healthcare provider charged, how much healthcare providers in the geographic area usually charge, how much Unified paid, and whether the healthcare provider accepted the payment in full satisfaction of the charge or instead accepted the payment and sought the remainder from the insured.

The Court holds the common question of law predominates the individual questions. The Court has already determined Unified breached its insureds' insurance policies containing the Reasonable and Customary Charge clause. It makes little sense for the proposed class members to repeatedly litigate an already decided issue at significant expense to themselves, Unified, and the court system. It makes much more sense to bring the proposed class members into this suit, where only damages remain to be decided. It's also likely many proposed class members suffered damages not large enough to individually outweigh the cost of litigation, making a class action the superior method of dispensing with their claims.

Unified makes several arguments that the individual issues are too complicated for class action treatment. For instance, Unified argues the breach doesn't necessarily establish a claim for every class member because, according to Unified, 95% of the time the healthcare providers accepted Unified's payment in full satisfaction, meaning the insured suffered no damage as a result of the breach.

But if that's so, the individual issues are only easier to answer because there will be fewer class members entitled to damages and it should be remarkably simple to sort out who was subjected to balance billing and who was not. Unified also argues how much healthcare providers in the geographic area usually charge is highly fact dependent. The Court is unconvinced that's the case, given the policy defines "geographic area" as "the three digit zip code" in which the service is provided and Unified has in its possession records of what was charged in each geographic area.

Unified contends it is entitled under the policy to determine whether a charge is reasonable under discretionary factors. That appears to be true, but the policy language makes it unclear whether Unified's opinion of the reasonableness of the charge has any effect on Unified's contractual obligation to pay the lesser of the actual or usual charge. That is a question of contract interpretation which remains to be decided and may provide a possible defense for Unified. But, even assuming Unified's interpretation is correct, it still doesn't overly complicate the case because, if a reasonableness determination is in fact something Unified does when it processes a claim, then the determination should have already been done for every class member's claim. On the other hand, if Unified never made a reasonableness determination in the first place, it's highly suspect to raise it as a defense now. Finally, even assuming Unified's interpretation is correct, and even

assuming Unified were allowed to retroactively contest the reasonableness of the usual charge in the geographic area, the complexity of individual damages does not defeat class certification when the proposed class members were harmed by the same conduct. *Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1168 (9th Cir. 2014) (citing *In re Deepwater Horizon*, 739 F.3d 790, 810-817 (5th Cir. 2014)).

The Court holds class certification is proper under Rule 23(b)(3).

## V.  Conclusion and order

It is hereby ordered that:

1. Judge Cavan's findings and recommendation are adopted in full except as to his recommendation that Rule 23(b)(3)'s criteria are not met;

2. The Plaintiffs' motion to certify the class (Doc. 93) is granted.

3. Counsel for the Plaintiffs and Unified are ordered to prepare a proposed class certification order for the Court's review within two weeks from the date of this Order.

DATED this 20th day of September, 2019.

SUSAN P. WATTERS
United States District Judge