IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED

MAR 1 1 2020

Clerk, U S District Court
District Of Montana
Billings

CHARLES M. BUTLER, III and
CHOLE BUTLER

Plaintiffs,

vs.

UNIFIED LIFE INSURANCE
COMPANY; HEALTH PLANS
INTERMEDIARIES HOLDINGS,
LLC, doing business as Health
Insurance Innovations, Inc.; ALLIED
NATIONAL, INC.; NATIONAL
BROKERS OF AMERICA, INC.;
THE NATIONAL CONGRESS OF
EMPLOYERS, INC.; and DOES 1-10

Defendants.

CV 17-50-BLG-SPW

OPINION AND ORDER

1

UNIFIED LIFE INSURANCE
COMPANY AND ALLIED
NATIONAL, INC.,

        Crossclaimants
        and Third-Party
        Claimants,

vs.

HEALTH PLANS
INTERMEDIARIES HOLDINGS,
LLC, DOING BUSINESS AS
HEALTH INSURANCE
INNOVATIONS; HEALTH
INSURANCE INNOVATIONS, INC.

        Crossclaim
        Defendants,

And

NATIONAL BROKERS OF
AMERICA, INC.,

        Crossclaim
        Defendant,

And

MULTIPLAN, INC.,

        Third-Party
        Defendant.

Before the Court is the Plaintiffs' motion to sever the Third-Party Complaint filed by Defendants Unified Life and Allied National against Third-Party Defendant Multiplan. (Doc. 262).

## I. Background

The Plaintiffs were previously granted leave to file a third amended complaint to allege a class action against Unified Life. (Doc. 180). The class action alleges Unified Life breached its insurance contracts with the class by systematically paying benefits at less than the amount provided in the contracts. (Doc. 181 at ¶¶ 99-117). Fourteen days after the third amended complaint was filed, Unified Life filed its answer, including a third-party complaint against Multiplan, Inc., alleging Multiplan negligently performed under its contract, breached the contract, and owed a duty to indemnify Unified for the claims asserted by the Plaintiffs. (Doc. 184 at 42-44). The Court subsequently certified the class and summary judgment was entered in the class's favor on liability. (Docs. 240, 241, 273).

The Plaintiffs filed the present motion to sever Unified's third-party complaint against Multiplan from the Plaintiffs' and the class's claims (the "Main Case."). (Doc. 262).

## II. Discussion

A defending party may file a third-party complaint against a non-party who may be liable to it for all or part of the claim against it. Fed. R. Civ. P. 14(a)(1). The defending party must seek leave of court to file a third-party complaint if it has been more than 14 days since it served its "original answer." Fed. R. Civ. P. 14(a)(1).

Here, the parties dispute whether Unified needed leave of Court before filing its third-party complaint. The Plaintiffs argue "original answer" means literally Unified's first answer. Unified argues "original answer" means the answer it was entitled to file in response to the Plaintiffs' third amended complaint.

District Courts tend to prefer the approach offered by Unified, often called the "functional" approach, so long as the third-party complaint is based on new theories of liability set out in the amended complaint. *Hanover Insurance Company v. Engineered Systems Alliance, LLC*, 2019 WL 1002603 *11 (D. Md. 2019). The Plaintiffs argue there is no new theory of liability in the third amended complaint because the class action is based on the same theory of liability set out in the original complaint. The Plaintiffs contend the original complaint gave Unified notice it had a third-party claim against Multiplan, and the only reason Unified seeks to file a third-party complaint now is because the class action raised Unified's exposure to damages.

The Plaintiffs aren't necessarily wrong but the class action fundamentally changed the nature of the case, probably more so than any new theory of liability could. The purpose of the "functional" approach is to provide defendants the opportunity to implead persons whom they otherwise would not have if not for the amended complaint. *F.T.C. v. Capital City Mortg. Corp.*, 186 F.R.D. 245, 247 (D.D.C. 1999). Thus, while it's true Unified could have impleaded Multiplan based on the original complaint, Unified perhaps did not have the financial incentive to do so until the class action was added. The class action raised Unified's damages exposure exponentially—the class may be in the thousands—which is a good enough reason as any to implead a party it otherwise would not have. The Court holds Unified's third-party complaint was timely filed and no leave of Court was required.

The Plaintiffs argue in the alternative that if the third-party complaint was timely filed or otherwise allowed, it should be severed from the Main Case. Unified and Multiplan argue jointly the third-party complaint should not be severed.

Any party may move to sever a third-party claim. Fed. R. Civ. P. 14(a)(4). The decision to sever is left in the sound discretion of the district court. *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983). In exercising discretion, district courts consider a variety of factors depending on the

circumstances of the case, such as prejudice, discovery, delay, confusion of the issues, judicial economy, and avoidance of delay in the underlying trial. *Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 237 F.R.D. 679, 681 (N.D. Okla. 2006) (citing multiple cases).

Here, after considering the circumstances of the case and the best way to proceed forward, the Court exercises its discretion to sever the third-party complaint. Severing the third-party complaint will promote judicial economy, avoid confusion, avoid possible delays of the underlying trial, and permit separate discovery plans to exist independent of each other.

Although not styled as such, the third-party complaint is essentially a declaratory judgment action because Unified seeks an Order from the Court directing Multiplan to indemnify and defend Unified. (Doc. 184 at 42-45). There is limited overlap between the third-party complaint and the Main Case, other than that the damages Unified seeks from Multiplan are the damages Unified may be found to owe, if any, to the Plaintiffs and the class. (Doc. 184 at 42-45). The fact the Court has already found Multiplan's pricing methodology was not in conformance with Unified's insurance contracts with Unified's insureds does not mean Multiplan's pricing methodology was a breach of the contract between Unified and Multiplan. That will depend on the language of the contract between Unified and Multiplan, which is an entirely separate issue from the Plaintiffs' and

the class's claims in the Main Case. The Court has serious concerns the third-party complaint will confuse the jury in an already complicated insurance class action case, particularly because the Plaintiffs and the class are not suing Multiplan. The jury would be asked to sort out the Plaintiffs' several claims against Unified and the other Main Case Defendants, as well as damages for the class, while also being asked to sort out liability for some of those potential damages between Unified and Multiplan. The situation will likely result in a very large set of complicated and unrelated jury instructions, including confusing directions to the jury about evidence it may consider for the Main Case but not the third-party complaint, or vice versa. Add in the complications that will inevitably arise from the parties attempting to weigh in on each other's case, despite not being a real party to that case, and the Court cannot see any real benefit to trying the Main Case and the third-party complaint together.

The posture of the case also counsels in favor of bifurcation. The third-party complaint entitles Unified and Multiplan to discovery from each other, but there's no reason that discovery should affect or delay the Main Case. Already, the need for discovery between Unified and Multiplan has bled over into the Main Case, with Unified and Multiplan jointly arguing for a substantially longer class action management order, despite Multiplan not actually being a defendant in the class action. (Docs. 259 and 260). The Plaintiffs and Unified should be free to confer

7

about the Main Case without Multiplan's input, and Unified and Multiplan should be free to confer about the third-party complaint without the Plaintiffs' input. For instance, the Plaintiffs object to the elongated discovery plan proposed by Unified and Multiplan. But insofar as the discovery plan concerns strictly the third-party complaint, the Plaintiffs should have no real say in the matter because the third-party complaint does not concern them. For the same reason, however, the discovery plan for the third-party complaint should not delay the Main Case.

Furthermore, there is a very real likelihood the third-party complaint will be settled on summary judgment because it depends on contract language, a question of law. Given that damages for the third-party complaint will be determined by the Main Case, the third-party complaint might therefore be mostly decided with a straightforward discovery plan and dispositive motions deadline. The Court can see no real prejudice to either Unified or Multiplan with that procedure.

Complete severance will allow the cases to proceed independent of each other in the most efficient manner appropriate according to the demands of each case without interference by one into the other. Therefore, the Plaintiffs' motion to sever Unified's third-party complaint is granted.

### III. Order

The Plaintiffs' motion to sever the third-party complaint (Doc. 262) is granted. The third-party complaint is hereby severed from the Main case. All

filings in the Main case should omit the third-party plaintiff and the third-party defendant from the caption heading. All filings in the third-party case should omit the Main case parties from the caption heading. The Court will set a telephonic preliminary pretrial conference for the third-party case by separate order.

DATED this 10th day of March, 2020.

                                           /s/ Susan P. Watters
                                           SUSAN P. WATTERS
                                           United States District Judge