IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CHARLES M. BUTLER, III and CHOLE BUTLER<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>UNIFIED LIFE INSURANCE COMPANY, et al.,<br><br>　　　　　　　　Defendants. | CV 17-50-BLG-SPW-TJC<br><br>**ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

　　　　Plaintiffs Charles M. Butler, III and Chole Butler ("Plaintiffs") bring this action against Defendants Unified Life Insurance Company ("Unified"), Health Plan Intermediaries Holdings, LLC d/b/a Health Insurance Innovations, d/b/a Health Insurance Innovations, Inc. ("HII"), Allied National, Inc. ("Allied"), National Brokers of America, Inc. ("NBoA"), and National Congress of Employers, Inc. ("NCE") relating to a health insurance policy Mr. Butler purchased in February 2016.

　　　　Presently before the Court is Plaintiffs' Motion for Interim Award of Attorney Fees and Costs (Doc. 296), Unified's Motion for Leave to Conduct Discovery and Extension of Time for Response to Interim Fees Motion (Doc. 308), Unified's Motion to Strike/Disregard Material Submitted with Reply Briefing

(Doc. 323), and Plaintiffs' Motion for Hearing on Attorney Fees (Doc. 335). The motions have been referred to the undersigned under 28 U.S.C. § 636(b)(1)(B), and are fully briefed and ripe for the Court's review.

## I. BACKGROUND

Plaintiffs have brought several claims on behalf of themselves, as well as class claims on behalf of all policyholders who had short term medical insurance policies issued by Unified. In September 2019, the Court granted partial summary judgment in favor of Charles Butler on his breach of contract claim against Unified. (Doc. 240, adopting Doc. 225.) The Court found Unified breached the Reasonable and Customary Charge clause of the insurance policy as a matter of law. (*Id.*)

Plaintiffs now seek an interim award of over $1 million in attorney fees based on the partial summary judgment ruling on the individual breach of contract claim. Unified opposes the motion, arguing interim fees are not permissible in the circumstances of this case.

## II. DISCUSSION

In diversity cases, state law determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law. *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007). Federal Rule of Civil Procedure 54(d)(2) provides that a request for attorney fees must generally

be made by motion, and must "(i) be filed no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made." Fed.R.Civ.P. 54(d)(2).

"Montana follows the general American Rule that a party in a civil action is not entitled to attorney fees absent a specific contractual or statutory provision." *Mountain W. Farm Bureau Mut. Ins. Co. v. Brewer,* 69 P.3d 652, 655 (Mont. 2003). The Montana Supreme Court has recognized several narrow equitable exceptions to the American Rule. *Id.* One such exception is the insurance exception, which applies "when the insurer forces the insured to assume the burden of legal action to obtain the full benefit of the insurance contract[.]" *Id.* at 660.

But the Montana Supreme Court has never endorsed an award of interim attorney fees under the insurance exception. To the contrary, even in the principal case Plaintiffs cite – *Estate of Gleason v. Central Unified Life Ins. Co.*, 350 P.3d 349 (Mont. 2015) – the attorney fee award followed a jury verdict. *See also King v. State Farm Mut. Auto. Ins. Co.*, 447 P.3d 1043, 1046 (Mont. 2019) (holding the insurance exception permitted the insured to recover attorney fees and nontaxable costs following a jury verdict). Plaintiffs have not cited any case where interim

attorney fees were awarded before trial under the insurance exception. Likewise, the Court's research has not revealed any such authority.

In cases where interim fees have been awarded, the fees were authorized by statute. *See e.g. Bradley v. School Board of City of Richmond*, 416 U.S. 696 (1974) (interim fee award allowed under § 718 of the Education Amendments Act of 1972); *Hanrahan v. Hampton*, 446 U.S. 754, 756-57 (1980) (noting Congress contemplated interim fee awards may be awarded under the Civil Rights Attorney's Fee Award Act of 1976, 42 U.S.C. § 1988); *Rosenfeld v. United States*, 859 F.2d 717, 724 (9th Cir. 1988) (holding interim fees are available under the Freedom of Information Act, 5 U.S.C. § 552); *Ihler v. Chisholm*, 995 P.2d 439 (Mont. 2000) (approving interim fee award that was awarded under § 1988); *but see Grabow v. Mont. High School Ass'n*, 59 P.3d 14, 16-17 (Mont. 2002) (finding the plaintiff was not entitled to an interim fee award where plaintiff's claim arose under state law and not a federal statute, and declining to award interim fees under Montana's private attorney general exception to the American Rule). Here, Plaintiffs' fee request does not have a statutory basis.

In the absence of any clear direction from the Montana Supreme Court, the Court declines to extend Montana law to permit interim attorney fees under the insurance exception. Accordingly, the Court recommends Plaintiffs' motion for interim attorney fees be denied without prejudice to Plaintiffs filing a renewed

motion following trial, if appropriate.

In light of the Court's determination that an interim award of attorney fees is inappropriate at this time, the Court need not reach the related motions to conduct discovery (Doc. 308), to strike (Doc. 323) and to set a hearing (Doc. 335). As such, these motion will be denied as moot.

## III.   CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that Plaintiffs' Motion for Interim Award of Attorney Fees and Costs (Doc. 296) be **DENIED**.

**IT IS ORDERED** that:

1. Unified's Motion for Leave to Conduct Discovery and Extension of Time for Response to Interim Fees Motion (Doc. 308) is **DENIED** as moot;

2. Unified's Motion to Strike/Disregard Material Submitted with Reply Briefing (Doc. 323) is **DENIED** as moot; and

3. Plaintiffs' Motion for Hearing on Attorney Fees (Doc. 335) is **DENIED**, as moot.

**IT IS FURTHER ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or

objection is waived.

    DATED this 11th day of December, 2020.

                                                                   _____
                                                                   TIMOTHY J. CAVAN
                                                                   United States Magistrate Judge