IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CHARLES M. BUTLER, III and CHOLE BUTLER,<br><br>Plaintiffs,<br><br>vs.<br><br>UNIFIED LIFE INSURANCE COMPANY, et al.,<br><br>Defendants. | CV 17-50-BLG-SPW<br><br>ORDER ADOPTING MAGISTRATE'S FINDINGS AND RECOMMENDATIONS |

The United States Magistrate Judge filed Findings and Recommendations on 12/11/2020. (Doc. 354.) The Magistrate recommended that Plaintiffs' Motion for Interim Award of Attorney Fees and Costs (Doc. 296) be denied and that Unified's Motion for Leave to Conduct Discovery and Extension of Time for Response to Interim Fees Motion (Doc. 308), Motion to Strike/Disregard Material Submitted with Reply Briefing (Doc. 323), and Plaintiffs' Motion for Hearing on Attorney Fees (Doc. 335) all be denied as moot. (*Id.* at 5).

Pursuant to 28 U.S.C. § 636(b)(1), parties are required to file written objections within 14 days of the filing of the Magistrate's Findings and Recommendations. Federal Rule of Civil Procedure 6(d) extends that period by 3 days when a party is served by mail. No objections were filed. When neither party

1

objects, this Court reviews the Magistrate's Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

After reviewing the Findings and Recommendations, this Court does not find that the Magistrate committed clear error. As Montana recognizes the general rule that a party is not entitled to attorney fees in a civil action, the party moving for fees must present some specific statutory or contractual exception providing an entitlement. *Mountain W. Farm Bureau Mut. Ins. Co. v. Brewer*, 69 P.3d 652, 655 (Mont. 2003). Montana does recognize an exception "when the insurer forces the insured to assume the burden of legal action to obtain the full benefit of the insurance contract[.]" *Id.* at 660. However, Plaintiffs have failed to demonstrate how this exception applies to an award of interim attorney fees. Judge Cavan found that the Montana Supreme Court has never endorsed an award of interim fees in such a case and Plaintiffs failed to provide any specific statutory or contractual grounds permitting an extension of the insurance exception to an interim award of fees. Therefore, Judge Cavan did not err in determining that an award of interim fees was inappropriate. Judge Cavan also did not err in finding that the Court need not reach the merits of the related motions as the issue is now moot.

IT IS ORDERED that the proposed Findings and Recommendations entered by the United States Magistrate Judge (Doc. 354) are **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that:

1. Plaintiffs' Motion for Interim Award of Attorney Fees and Costs (Doc. 296) is **DENIED**;

2. Unified's Motion for Leave to Conduct Discovery and Extension of Time for Response to Interim Fees Motion (Doc. 308) is **DENIED** as moot;

3. Unified's Motion to Strike/Disregard Material Submitted with Reply Briefing (Doc. 323) is **DENIED** as moot; and

4. Plaintiffs' Motion for Hearing on Attorney Fees (Doc. 335) is **DENIED** as moot.

DATED this 4th day of January, 2021.

*/s/ Susan P. Watters*
SUSAN P. WATTERS
United States District Judge