# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| CHARLES M. BUTLER, III, and CHOLE BUTLER,<br><br>Plaintiffs,<br><br>vs.<br><br>UNIFIED LIFE INSURANCE COMPANY, et al.,<br><br>Defendants | Cause No. CV 17-50-SPW-TJC<br><br>**ORDER RE MOTIONS TO RECONSIDER, FOR CLARIFICATION, AND TO STRIKE** |

Before the Court is Defendant Unified Life Insurance Co.'s ("Unified") Motion for Leave to File Reconsideration Motion (Doc. 361); Unified's Motion for Clarification (Doc. 339); and Plaintiffs' Motion to Strike (Doc. 348). The motions are fully briefed and ripe for adjudication. For the following reasons, the Court denies Unified's motions for leave for reconsideration and clarification, and the Court grants Plaintiffs' motion to strike.

## I.  RELEVANT BACKGROUND

On August 9, 2019, Magistrate Judge Cavan filed his Findings and Recommendations on several motions filed by Plaintiffs and Defendants. (Doc. 225). Those motions included Plaintiffs' motion for partial summary judgment and Unified's cross-motion for summary judgment on Count I of Plaintiffs'

1

Complaint—a breach of contract claim. The insurance policy at issue required Unified to pay insureds the lesser of either the billed charges actually incurred or the "Reasonable and Customary Charge" defined as "the usual charge made for necessary medical services, drugs, procedures, supplies or treatment generally furnished for cases of comparable severity and nature in the geographical area in which services, drugs procedures, supplies or treatment are furnished." (Doc. 225 at 12-13).

Judge Cavan found that it was undisputed Unified used a program, called Data iSight, to determine the Reasonable and Customary Charges. Judge Cavan also found, based on the undisputed evidence and testimony presented, that the Data iSight program calculated payment amounts based on what medical providers in an area usually accepted for the services rendered and not based on what those providers usually charged. This resulted in Data iSight recommending a lower payment amount than what the providers billed the insureds. Based on this evidence, Judge Cavan found that "Unified/Allied's use of Data iSight repricing software that determined Reasonable and Customary Charges based on amounts usually *accepted* as opposed to amounts usually *charged*, did not comport with the plain terms of the Policy. Consequently, Unified/Allied paid claims at a level below that which was promised in the Policy." (Doc. 225 at 16) (emphasis in original). Judge Cavan found that this practice breached the

insurance policy and recommended that summary judgment on the issue be granted in favor of Plaintiffs.

On September 30, 2019, this Court adopted Judge Cavan's findings and recommendations and granted summary judgment for Plaintiffs. (Doc. 240).

## II. DISCUSSION

### a. Motion for Leave to Seek Reconsideration

Unified now seeks leave to file a motion asking the Court to reconsider its decision to adopt Judge Cavan's findings and recommendations on the breach of contract issue and award summary judgment to Plaintiffs.

District of Montana Local Rule 7.3(a) prohibits a party from filing a motion for reconsideration of a past decision without first seeking leave of the court to do so. In order for a court to grant leave to file for reconsideration, the party must demonstrate at least one of the following:

> (1)(A) the facts or applicable law are materially different from the facts or applicable law that the parties presented to the court before entry of the order for which reconsideration is sought, *and*
> (1)(B) despite the exercise of reasonable diligence, the party applying for reconsideration did not know such fact or law before entry of the order; *or*
> (2) new material facts arose or a change of law occurred after entry of the order.

D. Mont. L.R. 7.3(b). Unified argues that granting leave to file a motion for reconsideration is appropriate because "Unified seeks to present new facts and law that only became material after the Court granted Plaintiffs' motion to add a

class claim to their complaint and entered an order that the summary judgment order applied class wide." (Doc. 362 at 3-4). Specifically, Unified believes the Court incorrectly assumed that the Data iSight program utilized only one method for calculating payment amounts when it actually uses three different methods depending on the type of medical claim (physician vs. inpatient or outpatient claim). Unified also argues that "applicable choice-of-law standards related to the class claim were raised by Unified but not addressed in the Court's Order" and this was oversight on the part of the Court. (*Id.* at 4). The additional factual evidence and legal arguments significantly impact the Court's previous ruling—according to Unified—and Unified was not afforded an adequate opportunity to previously raise the arguments because of the nature of the case's procedural posture in adding the class claim late in Plaintiffs' Third Amended Complaint, after the close of discovery and motions-filing deadlines.

The Court is not persuaded by this argument and finds that Unified does not meet L.R. 7.3's requirements for seeking reconsideration. As noted earlier, L.R. 7.3 requires the party seeking leave to show that either the facts or applicable law has materially changed from when the original decision was made *and* that the party was unaware of these facts or legal arguments before entry of the order. Unified readily admits that it presented their choice-of-law argument before Judge Cavan but seems to suggest that the Court did not adequately consider the

4

argument.[1] That is not the standard meriting a motion for reconsideration. Because Unified knew of this legal argument, and presented it to Judge Cavan, L.R. 7.3 precludes the Court from granting Unified's motion for leave for reconsideration on this issue.

The same is true of Unified's factual argument regarding Data iSight's three methodologies. Nothing in the record or Unified's motion convinces the Court that Unified could not have presented this factual evidence before the Court ruled on class certification. Additionally, the class was certified on the common question of whether Unified systematically breached its own insurance policy containing the Reasonable and Customary Charge provision. That provision does not limit itself to certain medical claims but includes "necessary medical services, drugs, procedures, supplies or treatment *generally*." (Doc. 225 at 12-13) (emphasis added).

The Court is not persuaded that additional evidence of Data iSight's methodologies for calculating medical claim payments based on the type of claim would have materially affected the question of whether Unified breached its insurance policy by paying a lower amount on medical claims than required.

---

[1] Unified's original choice-of-law argument consisted of a single sentence in Unified's response to Plaintiffs' class certification motion stating: "[o]ther states applied their own unique standards in approving the STM Policy, and, as a consequence, the Policy is not identical in all states." (Doc. 114 at 5). However, the Court granted class certification on the common question of whether Unified breached the Reasonable Customary Charge clause in the insurance policy. (Doc. 241 at 5). This was based on the language of the policy itself which was identical for the proposed class members. Unified's vague argument on state law application did not persuade the Court otherwise.

Regardless, information on Data iSight's methodologies clearly existed before the Court ruled on class certification and Unified has presented no argument demonstrating why the party could not have obtained that evidence in discovery on Plaintiffs' original, individual claims. This argument falls short of L.R. 7.3's requirements and precludes the Court from granting Unified's motion. Therefore, Unified's motion for leave to seek reconsideration is denied.

### b. Motion for Clarification

Alternatively, Unified moves for an order clarifying this Court's previous summary judgment ruling in favor of the Plaintiffs for breach of contract and this Court's prior ruling on class certification. Unified relies on the same argument presented in its motion for reconsideration that newly presented information on Data iSight's different payment methodologies requires this Court to revisit its previous rulings and narrow the summary judgment and class membership findings to solely those cases involving the physician methodology.

Unified cites to a single reference in Judge Cavan's summary judgment findings where Judge Cavan quoted one of Unified's witnesses discussing the insurance company's reliance on the Data iSight program when pricing professional claims. The Defendant claims this reference demonstrates that Judge Cavan's finding of summary judgment applied only to those claims involving the

professional (or physician) pricing methodology and did not include any claims involving inpatient or outpatient hospital bills.

Further, Unified argues that Plaintiffs' briefing and this Court's ruling on class certification were also limited to claims involving the physician methodology. Plaintiffs' theory of the class action breach of contract claim revolves around Unified paying insureds less than what the insurance policy requires based on the Data iSight payment calculations. Unified argues that only one Data iSight payment methodology—the physician methodology—is implicated by this theory because only that methodology incorporates what providers typically accept as payment for services. Therefore, because Plaintiffs did not frame their issue to include all three iSight methodologies, an order clarifying that only the physician methodology is at issue is appropriate, according to Unified.

These post hoc arguments do not persuade the Court. Judge Cavan and this Court determined that Unified breached the express language of the insurance policy by failing to pay the required Reasonable and Customary Charge. That charge is laid out in the language of the insurance policy as "the usual charge made for necessary medical services, drugs, procedures, supplies or treatment generally furnished for cases of comparable severity and nature in the geographical area." (Doc. 225 at 11). The policy's definition does not further

delineate between a usual charge for physician services and inpatient or outpatient services. Thus, the only pertinent question before Judge Cavan and this Court was whether Unified, through its use of the Data iSight program, met its obligation to pay insureds the Reasonable and Customary Charge for their medical claims. Judge Cavan quoted language from one of Unified's witnesses, David Scanlan, stating that the iSight program determines payment amounts for "professional claims using amounts generally accepted by providers as payment in full for services." (Doc. 225 at 15) (emphasis removed). Scanlan then explained that this formula typically resulted in lesser payments to insureds because providers would bill their services at greater amounts than what the providers usually accepted.

However, Judge Cavan's ultimate recommendation for summary judgment rested on the language of the insurance policy: "The plain language of the Policy requires the Reasonable and Customary Charge to be based on the 'usual charge . . . in the geographic area.' (Doc. 181-1 at 9.) The Policy's use of the term 'usual charge' is clear and unambiguous." (Doc. 225 at 16). Thus, Judge Cavan found, and this Court agreed, that the use of the Data iSight payment system did not comport with the language of the insurance policy because it resulted in Unified/Allied paying "claims at a level below that which was promised in the Policy." (*Id.*). The exact methodology the iSight system used to calculate those payments was not material, the key finding was that the iSight system resulted in

8

lower payments than required. The Court sees no reason to limit that holding now. If Unified is able to demonstrate that Data iSight's calculations did not result in lower payments for inpatient and outpatient claims, then the party is welcome to make that argument when determining damages for the class. Therefore, Unified's motion for clarification is denied.

### c. Motion to Strike

Plaintiffs' move to strike a new expert witness report Unified submitted with its motion for clarification. Plaintiffs argue the report is more than two years late as the deadline for submitting expert reports was June 15, 2018. (Doc. 66). "There was no reason that the fine print opinions Unified now offers (Doc. 343-1) could not have been provided by June 15, 2018 . . . ," according to Plaintiffs, and the report must be stricken.

Unified responds that it would unfairly prejudice the party to strike the newly submitted expert report because of the procedural posture the case has taken since its filing. Specifically, Unified points out that the original complaint listed only Plaintiffs' individual claims and the class action allegations were not included until after the deadline for filing expert witness reports.

The Court is not persuaded that Unified was not afforded adequate opportunities to raise these arguments, before the expert report deadline in 2018, or even in 2019 when the summary judgment and class certification motions were

argued before Judge Cavan. As Plaintiffs point out, Unified did not ask for an extension of time to consider additional arguments against summary judgment, Unified did not seek to stay the motion for class certification, nor did Unified attempt to present this new expert testimony during those arguments. Unified has presented no evidence for why it could not have reasonably discovered this new evidence in 2019 and attempted to present it then.

Further, the claims stated in Butler's complaint have not substantively changed regarding the use of the Data iSight program. Although a class action has been added, Unified has been aware of the nature of Butler's claims since the original complaint was filed in 2017. A class action does not rely on an entirely new cause of action not previously seen by the defending party. The facts comprising Butler's plea for relief have remained relatively the same. Unified was aware that an expert would be required to testify on the nature of the accounting methods the company uses to pay its insureds because Butler identified that accounting method as a source of his alleged injuries. Unified now attempts to argue the nature of Butler's medical bills did not provide adequate notice that additional expert testimony would be needed to discuss the difference between physician bills versus inpatient or outpatient bills. The Court is not persuaded by this assertion. Butler has put forth evidence that his claim rests on both the physician and hospital charges he incurred. Additionally, although the

Data iSight program utilizes different methods to calculate the charge depending on the source, it is the same program making those calculations. The Court finds it questionable at best to believe an expert on the Data iSight program would be able to opine as to one of the program's methodologies but have complete ignorance as to the other two. Therefore, because the matter has been decided for over a year, the Court sees no prejudice toward Unified in granting Plaintiffs' motion to strike Unified's new expert report as untimely.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Unified Life Insurance Co.'s Motion for Leave to File Motion for Reconsideration (Doc. 361) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Unified's Motion for Clarification (Doc. 339) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs Charles and Chole Butler's Motion to Strike (Doc. 348) is **GRANTED**. Unified's expert report (343-1) is stricken from the record.

DATED this 24th day of March, 2021.

SUSAN P. WATTERS
U.S. District Court Judge