IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CHARLES M. BUTLER, III,<br><br>Plaintiff, on behalf of the Class<br><br>v.<br><br>UNIFIED LIFE INSURANCE COMPANY,<br><br>Defendant. | **Cause No. CV 17-50-SPW-TJC**<br><br>**FINAL APPROVAL ORDER AND JUDGMENT** |

**WHEREAS,** on July 30, 2021, a Preliminary Approval Order was entered by the Court preliminarily approving the proposed settlement pursuant to the terms of the Parties' Settlement Agreement and directing that notice be given to the Class Members (Doc. 411);

**WHEREAS,** pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Class Members were notified of the terms of the proposed settlement and notified of the right of Class Members to be heard at a Fairness Hearing to determine whether the terms and conditions of the Settlement Agreement are fair, reasonable and adequate for the release of the claims contemplated by the Settlement Agreement;

1

**WHEREAS,** a Fairness Hearing was held on November 18, 2021. Prior to the Fairness Hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as prescribed in the Preliminary Approval Order. Class Members were therefore notified of their right to appear at the Fairness Hearing in support of or in opposition to the proposed settlement, the award of Attorney's Fees and Litigation Expenses to Class Counsel, and the Enhancement Payment to the Class Representative.

**NOW, THEREFORE,** the Court having heard the presentation of Class Counsel and Defendant's Counsel, having reviewed all of the submissions presented with respect to the proposed settlement, having determined that the settlement is fair, adequate and reasonable, having considered the Attorney's Fees, Litigation Expenses, and Enhancement Payment application made by Class Counsel, and having reviewed the materials in support thereof, and good cause appearing:

THIS COURT FINDS AND ORDERS AS FOLLOWS:

1. The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

2. The Court has jurisdiction over the subject matter of this Litigation and over all claims raised therein and all Parties thereto, including Class Members and their claims.

3. The Court hereby determines that there is no just reason for delay and approves the settlement, including the plans for implementation and distribution of the settlement relief, and finds that the settlement is, in all respects, fair, reasonable and adequate to the Class Members, within the authority of the Parties and the result of extensive arm's-length negotiations. The Parties shall effectuate the Settlement Agreement in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

4. There are no objections to the settlement.

5. The Judgment with respect to all claims by Class Members are deemed final judgments. Class Members will be bound by this Final Approval Order and Judgment.

6. The Court finds that the Class Notice Program, set forth in Section 12 of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, provided due and sufficient notice to Class Members about the terms of the Settlement Agreement, the right and process to object, and the right to appear and be heard at the Fairness

Hearing (including when the Fairness Hearing would be held). Notice therefore satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

7. The Settlement Agreement is, in all respects, fair, reasonable and adequate, is in the best interests of the Class Members, and is therefore approved.

8. All persons who have not made their objections to the settlement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

9. Within the time period set forth in Section 6.1 of the Settlement Agreement, Benefit Checks shall be mailed to the Class Members. Attorney's Fees, Litigation Expenses, and Enhancement Payment shall be distributed by the deadline outlined in Section 4.5 of the Settlement Agreement.

10. Releasing Entities have fully, finally and forever released, relinquished and discharged the Released Entities from all Released Claims, as specified in Section 13.4.1 of the Settlement Agreement. Therefore, Releasing Entities are permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any Released Claims pursuant to the Settlement Agreement, or seeking an award of fees and costs of any kind or nature

whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Litigation and/or as a result of or in addition to those provided by the Settlement Agreement.

11. The terms of the Settlement Agreement and this Final Approval Order and Judgment shall have maximum res judicata, collateral estoppel, and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorney's fees, costs, interest or expenses which were or could have been asserted in the Litigation.

12. The Final Approval Order and Judgment, the Settlement Agreement, the settlement which the Settlement Agreement reflects, and all acts, statements, documents or proceedings relating to the settlement are not, and shall not be construed as, or used as an admission by or against Defendant of any fault, wrongdoing, or liability on the part of Defendant or of the validity or certifiability for litigation of any claims relating to the Litigation or of the existence or amount of any damages.

13. Class Counsel requested an award of reasonable Attorney's Fees of $2 million and Litigation Expenses of $30.729.76. The Court hereby grants Class Counsel an award of reasonable Attorney's Fees and Litigation Expenses of $2,030,729.75. Class Counsel applied for an Enhancement Payment for the Class

Representative in the amount of $25,000.00. The Court further grants Class Counsel's application for an Enhancement Payment for the Class Representative in the amount of $25,000. These amounts are to be paid out of the Settlement Fund, in accordance with the Settlement Agreement.

14. Except as otherwise provided in this Final Approval Order and Judgment, the parties shall bear their own costs and attorney's fees. Without affecting the finality of the Judgment hereby entered, the Court reserves jurisdiction over the implementation of the settlement, including enforcement and administration of the Settlement Agreement.

15. Class Counsel shall seek dismissal of this matter with prejudice in accordance with the Effective Date, and pursuant to Section 16.3.

16. Remainder Funds shall be distributed in accordance with Section 6.3.2 of the Settlement Agreement.

17. This document shall constitute final judgment for the purpose of Rule 58 of the Federal Rules of Civil Procedure.

DATED this __18th__ day of November, 2021.

BY: _____
SUSAN P. WATTERS
U.S. DISTRICT COURT JUDGE